# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
04/30/2012
CT Log Number 520425896

**TO:**    Enterprise Litigation
United Services Automobile Association
9800 Fredericksburg Road, E-3-E
San Antonio, TX 78288-5038

**RE:**    **Process Served in Washington**

**FOR:**   USAA Casualty Insurance Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**          Tara Cote, etc., Pltf. vs. United Service Automobile Association, etc., et al. including USAA Casualty Insurance Company, Dfts.

**DOCUMENT(S) SERVED:**      Certificate of Service, Order, Summons, Class Action Complaint

**COURT/AGENCY:**             King County - Kent - Superior Court, WA
Case # 122126372KNT

**NATURE OF ACTION:**         Insurance Litigation - Complaint for Declaratory Judgment, Violation of RCW 19.86, Unjust Enrichment and Breach of Contract Claim pertaining to systematic practice of unfairly depriving its injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an "independent" medical exam or a records review or a peer review - Seeking Jury Demand

**ON WHOM PROCESS WAS SERVED:**   CT Corporation System, Olympia, WA

**DATE AND HOUR OF SERVICE:**  By Certified Mail on 04/30/2012 postmarked on 04/27/2012

**JURISDICTION SERVED:**      Washington

**APPEARANCE OR ANSWER DUE:**  Within 20 days after service, excluding the day of service - Response to Complaint (See document for additional deadlines)

**ATTORNEY(S) / SENDER(S):**  Robert B. Kornfeld
Kornfeld, Trudell, Bowen & Lingenbrink Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, WA 98033
(425)893-8989

**REMARKS:**                 Process served/received by Insurance Commissioner on April 25, 2012 and mailed to CT Corporation System on April 27, 2012

**ACTION ITEMS:**            CT has retained the current log, Retain Date: 04/30/2012, Expected Purge Date: 05/05/2012
Image SOP
Email Notification, Enterprise Litigation Linda.Allen@usaa.com

**SIGNED:**                  CT Corporation System
**PER:**                     Michele Rowe
**ADDRESS:**                 1801 West Bay Drive NW
Suite 206
Olympia, WA 98502
**TELEPHONE:**               360-357-6794

Page 1 of 1 / TO

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

|  |  |
|---|---|
| TARA COTE, individually and on behalf of the class of similarly situated persons and entities,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SERVICE AUTOMOBILE ASSOCIATION, a foreign corporation, USAA GENERAL AGENCY, INC., a foreign corporation, USAA INSURANCE AGENCY, a foreign corporation, USAA CASUALTY INSURANCE COMPANY, a foreign corporation, USAA GENERAL INDEMNITY COMPANY, a foreign corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO.   12-2-12637-2 KNT<br><br>**INSURANCE COMMISSIONER'S<br>CERTIFICATE OF SERVICE** |

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*SUMMONS; COMPLAINT; ORDER SETTING CASE SCHEDULE*

in the above-mentioned matter on April 25, 2012, on behalf of and as statutory attorney for

*USAA CASUALTY INSURANCE COMPANY*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

Receipt of the $10 statutory service fee is acknowledged.

**ISSUED AT OLYMPIA, WASHINGTON:** April 26, 2012

Tracker ID 8488

Certification No.: 91 7199 9991 7030 0873 4617

**MIKE KREIDLER**
Insurance Commissioner

By

Cheyenne Johnston
Service of Process Coordinator

Original to:

Robert B. Kornfield
Kornfield Trudell Bowen & Lingenbrink, PLLC
3724 Lake Washington Blvd NE
Kirland, WA 98033

Copy to:

USAA Casualty Insurance Company
CT Corporation System
1801 West Bay Drive NW, Suite 206
Olympia, WA 98502

Tracker ID 8488



## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| TARA COTE | | NO. 12-2-12637-2   KNT |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | Plaintiff(s) | |
| USAA | | ASSIGNED JUDGE  Gain _____ 14 |
| | | FILE DATE:            04/12/2012 |
| | Defendant(s) | TRIAL DATE:          09/09/2013 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____|_____

Print Name                              Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $230 must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

If **you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal,* without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu 04/12/2012 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Thu 09/20/2012 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Thu 09/20/2012 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Thu 10/04/2012 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 04/08/2013 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 05/20/2013 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 06/03/2013 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon 06/03/2013 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon 07/22/2013 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 08/12/2013 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 08/19/2013 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 08/19/2013 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 08/26/2013 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Tue 09/03/2013 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue 09/03/2013 | * |
| Trial Date [See KCLCR 40]. | Mon 09/09/2013 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 04/12/2012

*Richard F. McDermott*

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

### READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

### CASE SCHEDULE AND REQUIREMENTS
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

### THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.

#### A. Joint Confirmation regarding Trial Readiness Report:
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

#### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

#### C. Trial: Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

### MOTIONS PROCEDURES

#### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

### B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

PRESIDING JUDGE

1

2

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

3

4     TARA COTE, individually and on behalf of the
      class of similarly situated persons and entities,

Cause No.:  12-2-12637-2 KNT

5                           Plaintiffs,

      vs.                                             **SUMMONS**

6     UNITED SERVICE AUTOMOBILE
7     ASSOCIATION, a foreign corporation, USAA
      GENERAL AGENCY, INC., a foreign
8     corporation, USAA INSURANCE AGENCY, a
      foreign corporation, USAA CASUALTY
9     INSURANCE COMPANY, a foreign
      corporation, USAA GENERAL INDEMNITY
10    COMPANY, a foreign corporation,

11                           Defendants.

12    TO THE DEFENDANTS:

13         A lawsuit has been started against you in the above-entitled court by plaintiff.

14
      Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this
15
      summons.
16
           In order to defend against this lawsuit, you must respond to the complaint by stating
17
      your defense in writing, and by serving a copy upon the person signing this summons within
18
      twenty (20) days after service of this summons, excluding the day of service, or
19

20

21

22    SUMMONS - 1

23                                              KORNFELD, TRUDELL, BOWEN &
                                                LINGENBRINK Robert B. Kornfeld, Inc., P.S.
                                                3724 Lake Washington Blvd NE
24                                              Kirkland, Washington 98033
                                                (425) 893-8989 Fax (425) 893-8712
25                                              Rob@kornfeldlaw.com

1    within sixty (60) days of service if made upon you outside the State of Washington, or a default

2    judgment may be entered against you without notice. A default judgment is one where plaintiff

3    is entitled to what he asks for because you have not responded. If you serve a notice of

4    appearance on the undersigned person, you are entitled to notice before a default judgment may

5    be entered.

6
        You may demand that the plaintiff file this lawsuit with the court. If you do so, the

7    demand must be in writing and must be served upon the person signing this summons. Within

8    fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court,

9
10   or the service on you of this summons and complaint will be void.

11       If you wish to seek advice of an attorney in this matter, you should do so promptly so

12   that your written response, if any, may be served on time.

13       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

14   State of Washington.

15
        Dated: April 11, 2012

16
17   KORNFELD, TRUDELL, BOWEN &           HOUCK LAW FIRM, PS.
     LINGENBRINK, PLLC
18
     By:                                 By:
19       Robert B. Kornfeld, WSBA #10669     William Houck, WSBA #13324
20       3724 Lake Washington Blvd NE        4045 262nd AVE. SE
         Kirkland, Washington 98033          Issaquah, WA 98029
21       (425) 893-8989 Fax (425) 893-8712   (425) 392-7118 ax (425) 337-0916
         Rob@kornfeldlaw.com                 houcklaw@gmail.com
22
23
24
25
26
     SUMMONS - 2
                                                 KORNFELD, TRUDELL, BOWEN &
                                                 LINGENBRINK Robert B. Kornfeld, Inc., P.S.
                                                 3724 Lake Washington Blvd NE
                                                 Kirkland, Washington 98033
                                                 (425) 893-8989 Fax (425) 893-8712
                                                 Rob@kornfeldlaw.com

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

9

10    TARA COTE, individually and on behalf of the
class of similarly situated persons and entities,

11                                  Plaintiffs,          Cause No.:  12-2-12637-2 KNT

12              vs.                                      **CLASS ACTION**

13    UNITED SERVICE AUTOMOBILE              COMPLAINT FOR DECLARATORY
ASSOCIATION, a foreign corporation, USAA     JUDGMENT, VIOLATION OF RCW §§
14    GENERAL AGENCY, INC., a foreign          19.86, UNJUST ENRICHMENT and
corporation, USAA INSURANCE AGENCY, a    BREACH OF CONTRACT CLAIM
15    foreign corporation, USAA CASUALTY
INSURANCE COMPANY, a foreign             DEMAND FOR JURY TRIAL
16    corporation, USAA GENERAL INDEMNITY
COMPANY, a foreign corporation,
17
18                                  Defendants.

19

20          Plaintiff, Tara Cote, [hereinafter, "Cote" or "Plaintiff"] individually and on behalf of all

21    members of the Class of similarly situated Washington insureds alleges the following

22    Complaint and causes of action against Defendants United Services Automobile Association,

23    USAA General Agency, Inc.,  USAA Insurance Agency,  USAA Casualty Insurance Company,

24    and USAA General Indemnity Company (hereinafter ""):

25
26

CLASS ACTION COMPLAINT - 1                       KORNFELD, TRUDELL, BOWEN &
                                                 LINGENBRINK Robert B. Kornfeld, Inc., P.S.
                                                 3724 Lake Washington Blvd NE
                                                 Kirkland, Washington 98033
                                                 (425) 893-8989 Fax (425) 893-8712
                                                 Rob@kornfeldlaw.com

# I.     PRELIMINARY STATEMENT

**A.     Defendant USAA Provides PIP/MED PAY Coverage in Washington**

1.1     At all time relevant, each of the Defendant USAA insurance companies has sold automobile insurance in Washington. USAA, as an automobile insurers in Washington, is required by law to provide "Personal Injury Protection" or "PIP" and/or MED PAY coverage in their automobile insurance policies that would pay each insured's "reasonable and necessary medical and hospital benefits" up to $10,000 arising from a covered automobile accident.

1.2     Defendant USAA engages in a systematic practice of unfairly depriving its injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an "independent" medical exam (IME) or a records review or a peer review.   These "retroactive denials" of coverage occur days, weeks or months after the claimants have received treatment for their injuries and amount to a failure to pay claims that have already occurred. The "suspensions of medical payments" unfairly deny and suspend medical coverage until the completion of the IME or some other review. These unfair practices can spell financial ruin for insureds, who are receiving necessary care for their injuries but are unable to reasonably rely upon their PIP insurance coverage to pay for their treatment, and can cause a loss of health care which can make their injuries and conditions worse, thereby, increasing pain and suffering. Neither the contract of insurance nor USAA's claims department give notice to the insureds that USAA routinely denies coverage retroactively or suspends coverage for day, weeks or months on end.

1.3     With respect to "retroactive denial of coverage", USAA fails to maintain a consistent, timely, and fair process for pre-treatment authorization or for contemporaneous authorization, nor does it give notice of this practice, a practice which is in bad faith and denial of PIP and MED PAY benefits. Instead, days, weeks or months after treatment has taken place, USAA unilaterally, without foundation or medical evidence, denies further and past care and

CLASS ACTION COMPLAINT - 2

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   treatment. USAA utilizes "independent" medical examiners or other reviews by health care

2   providers, who may or may not be qualified, to conduct a medical review of the insured. These

3   examiners are paid exclusively by USAA to make a determination as to whether that treatment

4   was "reasonable and necessary" or caused by the collision at issue. When coverage is denied,

5   the denial is retroactive such that the insured party is neither notified nor aware that the

6   treatment will not be covered until long after treatment has actually occurred. With respect to

7   "suspension of coverage", USAA denies and suspends coverage before there is a determination

8   that the treatments are not reasonable and necessary or there is a causation issue.

9         **1.4**   At all times relevant, USAA's automobile insurance policies in Washington

10   have not stated that payment of medical and hospital benefits under the PIP and MED PAY

11   coverage is subject to retroactive denial of coverage or suspension pending an "independent"

12   medical examination, records review or peer review (hereafter referred to collectively as an

13   IME) or that this can be accomplished on the whim of an insurance adjuster without any

14   medical evidence and without the proper foundation and authority to support such a unilateral

15   decision.

16         **1.5**   USAA is obligated contractually and under Washington Insurance law to

17   process PIP claims in a fair and timely manner and to comply with the WAC governing

18   Insurance Practices. USAA is required to rely on the facts as they appear at the time the

19   treatment is given as opposed to the opinions of its potentially biased medical

20   examiners days, weeks or months after the date of treatment.

21         **1.6**   USAA is prohibited from retroactively denying coverage and/or

22   unilaterally deciding to suspend payments until an examination can take place.

23         **1.7**   USAA wrongful conduct violates the Washington State Insurance Code

24   and the Washington State Consumer Protection Act, and violates USAA's statutory and

25   contractual duties of good faith and fair dealing and duty to handle claims in a fair and

26

CLASS ACTION COMPLAINT - 3

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1 reasonable manner.  USAA has been "guilty" of bad faith in the payment of MED PAY

2 and PIP benefits in these regards.

3      1.8   USAA's conduct violated its fiduciary duties to its insureds: (1) the duty

4 to conduct a reasonable investigation before denying or suspending coverage (2) the

5 duty to disclose all facts that would aid its insureds in protecting their interests;

6 (3) the duty of equal consideration; (4) the duty not to mislead its insureds and the

7 duty to follow the Washington State Insurance regulations.

8      1.9   Plaintiff, on behalf of himself and others similarly situated, seeks damages for

9 USAA's illegal practices and seeks declaratory and injunctive relief compelling USAA to

10 adopt fair and equitable claims-handling procedures regarding the issues raised in this action.

11 **C.**   **The "USAA Group of Insurance Companies" Acts for USAA**

12      1.10   At all times relevant, the Defendant USAA companies have processed,

13 reviewed, adjust and/or paid Washington insured's PIP and MED PAY coverage using the

14 name, "The USAA Group of Insurance Companies." The name "The USAA Group of

15 Insurance Companies" has referred to all of the Defendant USAA insurance companies over

16 the relevant time period.

17      1.11   At all times relevant, the Defendant USAA companies have communicated to

18 Washington insureds what actions they have taken on bills submitted by them for medical

19 expenses under the PIP and MED APY coverage through EOB forms that bear the name "The

20 USAA Group of Insurance Companies".

21                **II.  PARTIES**

22      2.1   Tara Cote is a USAA insured who had his PIP benefits retroactively denied and

23 suspended pending USAA's peer medical records review. She is a resident of King County,

24 state of Washington.

25

26

CLASS ACTION COMPLAINT - 4

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

2.2     Each of the Defendant USAA insurance companies is believed to be foreign insurance company, licensed to do and conducting business in the State of Washington and King County.

A.     **The Defendants have Acted in Concert through a Joint Enterprise**

2.3     At all times relevant, the Defendant USAA insurance companies have acted in concert as part of a "joint enterprise" with regard to the processing, review, adjustment and payment of PIP claims Washington.

2.4     As part of this joint enterprise, all the Defendant USAA insurance companies have processed, reviewed, adjusted and paid Washington insureds' PIP health care bills under the name "The USAA Group of Insurance Companies."

2.5     The USAA Group of Insurance Companies has used the same claims representatives to process, review, adjust and pay PIP health care charges submitted on all insurance policies issued by all of the Defendant USAA companies.

2.6     The claims representatives have followed the same procedures and practices when processing, reviewing, adjusting and paying insureds' PIP bills for services irrespective of which of the Defendant USAA companies was the insurer.

2.7     There is no difference between the Defendant companies in the way they process, review, adjust and pay claims under their insured's PIP coverage. They all use the same practices and procedures and the same claims representatives.

2.8     When processing, reviewing, adjusting and paying insured's health provider bills, the claims representatives were supervised by the same individuals and were subject to the same control over their work irrespective of which of the Defendant USAA companies was the insurer.

2.9     The policy language relied upon by the claims representative to pay Washington providers for their services under the insured's PIP coverage was identical or substantially

CLASS ACTION COMPLAINT - 5

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1 similar irrespective of which of the Defendant USAA companies was the insurer. At all times

2 relevant, each of the Defendant USAA companies have used substantially similar if not

3 identical policy language for the PIP provision in their insurance policy relied upon by their

4 claims representatives to pay Washington providers.

5       2.10    One purpose and intent of the joint enterprise between the Defendant USAA

6 insurance companies was to reduce payments made in Washington for PIP medical expenses.

7       2.11    One purpose and intent of the joint enterprise between the Defendant USAA

8 insurance companies was to reduce the cost of administrating and paying PIP claims.

9       2.12    The overall purpose and intent of the joint enterprise was to save the Defendant

10 USAA insurance company costs and expenditures on PIP claims.

11       2.13    The effect of the joint enterprise was that each of the Defendant USAA

12 insurance companies failed to pay all reasonable medical expenses of its insured under the

13 insured's PIP coverage. Instead they engages in a systematic practice of unfairly depriving its

14 injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by

15 suspending medical payments until after completion of an "independent" medical exam (IME).

16       2.14    In practice, the same person or persons have the ability to change, amend, enact

17 or alter the practices of the Defendant USAA insurance companies at issue in this action. These

18 individuals have the ability to discontinue Defendants' unlawful practices.

19       2.15    Plaintiff was subjected to the above described practices of the Defendants' joint

20 enterprise.

21           **III.**     **JURISDICTION AND VENUE**

22       3.1    This Court has jurisdiction pursuant to RCW 2.08.010 and RCW 4.28.185.

23       3.2    At all times relevant, Plaintiff resided in King County.

24

25

26

CLASS ACTION COMPLAINT - 6

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

3.3     At all times relevant, each of the Defendant USAA companies has conducted substantial business and many of the alleged breaches took place within King County, Washington.

3.4     Pursuant to RCW 4.12.025, venue is proper in King County Superior Court.

## IV.     FACTUAL ALLEGATIONS

### A.     Plaintiffs' Individual Factual Allegations

4.1     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1.1 through 3.4 above, as if fully set forth in this paragraph.

4.2     Plaintiff was injured in an automobile accident on August 28, 2011. Plaintiff treated for injuries sustained in his automobile accident and submitted his medical bills to USAA for payment under her PIP coverage.

4.3     On March 15, 2012 USAA notified Plaintiff by letter that USAA is suspending payment of PIP coverage benefits and refusing to pay retroactively for treatment already provided, pending an IME.

As a result of injuries sustained in an automobile accident, Plaintiff has incurred reasonable and necessary medical bills which USAA has refused to pay and because of the suspension of payment Plaintiff is deterred form seeking additional necessary treatment.

4.4     The Putative Class incorporates herein by reference each and every allegation contained in paragraphs 1.1 to 4.4 above as if fully set forth here.

## V.     CLASS ALLEGATIONS

5.1     Plaintiff and the Putative class incorporate by reference each and every factual allegation set forth in paragraphs 1.1 to 4.4 herein by this reference as if set forth in its entirety.

5.2     Plaintiff brings all claims herein as class claims pursuant to Civil Rule ("CR") 23 and Local Rule ("LR") 23.

CLASS ACTION COMPLAINT - 7

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  5.3  The class consists of all insured, as defined in the Personal Injury Protection and

2 MED PAY coverage portions of USAA's policies, and all third-party beneficiaries of such

3 coverage, issued in the state of Washington with respect to whom USAA:(a) retroactively

4 disallowed coverage for medical expenses more than thirty (30) days after Farmers received

5 the bill for the insured's care, and (b) suspended and/or withheld payments for necessary

6 treatment pending a future evaluation by USAA's "independent" medical examiners. Excluded

7 from the class are Farmers' executives, counsel, and their immediate family members. The time

8 period for the class is six years preceding the date of filing of this lawsuit up to the date of

9 settlement or judgment.

10

11  5.4  Plaintiff and the Class seek a declaratory judgment that USAA's practices were

12 unfair, wrongful and/or deceptive and restitution and/or disgorgement, and/or damages and

13 injunctive relief under the Declaratory Judgment Act, the common law, the Washington

14 Insurance Code and the Washington Consumer Protection Act, RCW 19.86 et seq.

15  5.5  Class certification is proper under CR 23(a) (1) because the members of the

16 class total more than 1,000 who are geographically dispersed over numerous cities and counties

17 in the state of Washington.

18  5.6  Because of the number of Class members and their geographic dispersion,

19 individual joinder of each putative class member is not practicable.

20  5.7  Class certification is proper under CR 23(a)(2) because USAA has undertaken

21 common policies and practices with regard to suspension and retroactive denial of PIP

22 payments. Among these common questions are:

23  a.  Whether USAA's retroactive denial of coverage for medical care, more than 30

24 days after USAA received the bill for the injured person's care, constitute an illegal,

25 unfair, or deceptive practice under Washington's insurance code and/or Consumer Protection

26 Act?

CLASS ACTION COMPLAINT - 8

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1       b.      Whether USAA's retroactive denial of coverage for medical care, more than 30

2   days after USAA received the bill for the injured person's care, breach Farmer's contractual

3   duty of good faith and fair dealing?

4       c.      Whether USAA's practice of suspending payments of insurance benefits before

5   it has completed its investigation constitute a tortious and/or unfair claims- handling process?

6       d.      Whether USAA's retroactive denial of coverage for medical care, more than 30

7   days after USAA received the bill for the injured person's care, an illegal, unfair, or deceptive

8   practice under Washington's insurance code and/or Consumer Protection Act?

9       e.      Whether USAA's retroactive denial of coverage for medical care, more than 30

10  days after USAA received the bill for the injured person's care, breach USAA's quasi-fiduciary

11  duty to the class members?

12      f.      Whether USAA engages in a systematic practice of unfairly depriving its

13  injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by

14  suspending medical payments until after completion of an (IME)?

15      g.      Whether USAA delayed payment of PIP claims in violation of WAC

16  §284.30.330 et seq?

17      h.      Whether USAA was unjustly enriched by any of its unfair, wrongful and/or

18  deceptive practices that violated the WAC, the Insurance Code, or the CPA.

19      5.7.      Class certification is proper under CR 23(a)(3) because Plaintiff' claims are

20  typical of the claims of the members of the putative class and USAA's defenses to the claims

21  of Plaintiff are also typical of the defenses to such claims. The claims and defenses are typical

22  because they arise out of the same common policies and practices which USAA applied to the

23  reimbursement of bills submitted by all Washington insureds' PIP coverage. The claims arise

24  from the same unfair, wrongfully and deceptive scheme undertaken by Defendants to deprive

25  Washington insureds of their full PIP coverage.

26

CLASS ACTION COMPLAINT - 9

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

5.8     Class certification is proper under CR 23(a)(4) because Plaintiff can fairly and
adequately represent the interests of the other members of the class. He has no interests that
conflict with those of the members of the class. It is in his interest and those of the other
members of the class that they be paid fully for their medical expenses. Plaintiff has retained
skilled attorneys who have represented claimants and class members with similar claims to
those brought in this lawsuit.  Plaintiff' counsel have been appointed class counsel in other
cases involving similar claims.

5.9     Class certification is proper under CR 23(b)(3) because the questions of law and
fact common to the class, as set forth above in paragraph 5.6 predominate over any questions
affecting only individual members of the class.  Common questions predominate because
USAA undertook a common course of conduct towards all members of the class regarding
requests for reimbursement submitted under the insured's PIP coverage.

5.10    Class certification is proper under CR 23(b)(3) because a class action is a
superior method for adjudicating the claims of the members of the class than hundreds of
individual actions in numerous cities and counties of Washington that raise the identical factual
and legal issues.

5.11    Class certification is a superior method of adjudicating the claims because the
individual class members have little interest in individually controlling the prosecution of their
claims.

5.12    Class certification is a superior method of adjudicating the claims because there
is no significant individual litigation already commenced by Washington insureds against
USAA raising the identical claims.

5.13    Class certification is a superior method of adjudicating the claims because it is
desirable to concentrate the litigation and claims in a single forum to avoid duplicity of actions
and inconsistent adjudications of identical claims. King County is a desirable forum for

CLASS ACTION COMPLAINT - 10

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  litigation of the class claims because it is most likely the place where most class members are

2  located and where the Defendants' in-state witnesses are likely located.  The cost to the court

3  system of individualized litigation would be substantial.

4       5.14    Class certification is a superior method of adjudicating the claims because there

5  are few difficulties likely to be encountered in the adjudication of the class members' legal

6  claims.

## VI.    LEGAL CLAIMS AND CAUSES OF ACTION

### COUNT I:    DECLARATORY JUDGMENT ACT CLAIM

9       6.1    Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

10 5.16 above as through set forth here.

11      6.2    Washington law requires all automobile insurers to provide PIP coverage that

12 will pay all reasonable medical expenses of its insured arising from a covered automobile

13 accident.  RCW 48.22.005(7).

14      6.3    The Washington insurance code declares, inter alia, that "[t]he business of

15 insurance...requir[es] that all persons be actuated by good faith, abstain from deception, and

16 practice honesty and equity in all insurance matters." RCW 48.01.030. It also

17 prohibits15insurance companies from engaging in unfair or deceptive acts or practices in the

18 conduct of their business. RCW 48.30.010. Specific acts that the Insurance Commissioner has

19 defined to be unfair claims-handling practices in violation of the insurance code 30 WAC 284-

20 30-330 include:

21      •Misrepresenting pertinent facts or insurance policy provisions.

22      •Failing to acknowledge and act reasonably promptly upon communications with

23      respect to claims arising under insurance policies.

24      •Failing to adopt and implement reasonable standards for the prompt investigation of

25      claims arising under insurance policies.

26

CLASS ACTION COMPLAINT - 11

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   •Failing to affirm or deny coverage of claims within a reasonable time after proof of

2   loss statements have been completed.

3   •Failing to promptly provide a reasonable explanation of the basis in the insurance

4   policy in relation to the facts or applicable law for denial of a claim or for the offer of a

5   compromise settlement

6   •Failure to adopt and implement reasonable standards for the processing and payment

7   of claims once the obligation to pay has been established.

8       6.4     Under Washington law, it is unlawful for an automobile insurer to deny a claim

9   under the insurance policy without conducting a reasonable investigation of the claim. WAC

10  §284-30-330.

11      6.5     Under Washington law, "[e]very insurer, upon receiving notification of claim,

12  shall promptly provide necessary claim forms, instructions, and reasonable assistance so that

13  first party claimants can comply with the policy conditions and the insurer's reasonable

14  requirements." WAC 284-30-360.

15      6.6     Under Washington law, "[e]very insurer shall complete investigation of a claim

16  within thirty days after notification of claim, unless such investigation cannot reasonably be

17  completed within such time." WAC 284-30-370.

18      6.7     Under Washington law, [w]ithin fifteen working days after receipt by the

19  insurer of properly executed proofs of loss, the first party claimant shall be advised of the

20  acceptance or denial of the claim by the insurer." WAC 284-30-370.

21      6.8     The foregoing provisions of the insurance code can be enforced through the

22  private right of action created by the state legislature in the Washington Consumer Protection

23  Act: "actions and transactions prohibited or regulated under the laws administered by the

24  insurance commissioner shall be subject to the provisions of RCW 19.86.020 and all sections

25

26

CLASS ACTION COMPLAINT - 12

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    of chapter RCW 19.86 which provide for the implementation and enforcement of RCW

2    19.86.020." RCW 19.86.170.

3        6.9    USAA's practice of unfairly depriving its injured insureds of their full PIP

4    medical benefits by denying coverage retroactively and/or by suspending medical payments

5    until after completion of an "independent" medical exam  should be declared an unfair

6    insurance practice because USAA fails to conduct a reasonable investigation of the claim

7    before denying payment.

8        6.10   The Washington Insurance Code provides that: "No person engaged in the

9    business of insurance shall engage in unfair or deceptive acts or practices in the conduct of

10   such business." RCW 48.30.010(1).

11       6.11   The Washington Insurance Code provides in pertinent part: "No person shall

12   disseminate any deceptive or misleading representation in the conduct of the business of

13   insurance or relative to the business of insurance." RCW 48.30.040.

14       6.12   USAA's practice of unfairly depriving its injured insureds of their full PIP

15   medical benefits by denying coverage retroactively and/or by suspending medical payments

16   until after completion of an "independent" medical exam  should be declared an unfair

17   insurance practice because it is deceptive and misleading.

18       6.13   Each and every practice identified above should be declared an unfair and/or

19   deceptive practice under the Insurance Code and the Consumer Protection Act.

20               **COUNT II:  VIOLATION OF CONSUMER PROTECTION ACT**

21       6.14   Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

22   6.13 above as through set forth here.

23       6.15   The Washington Insurance Code prohibits the use of unfair or deceptive

24   practices in the business of insurance.  RCW 48.30.010(1). A violation of the Insurance Code

25

26

CLASS ACTION COMPLAINT - 13

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  constitutes a per se violation of Washington Consumer Protection Act, RCW 19.86 et. seq.

2  ["CPA"].

3      6.16    Each and every practice identified in paragraphs 6.8 – 6.13 above is an unfair

4  and/or deceptive practice that violates the CPA. Each of the practices is a per se violation of the

5  CPA, because each violates the Insurance Code.

6      A.    **USAA's Unfair and Deceptive Practices in Violation of CPA AND IN BAD**

7            **FAITH**

8      6.17    USAA has engaged in a systematic practice of reviewing medical claims of

9  covered individuals many months after the individual received treatment and submitted the

10  bills, and then retroactively denying coverage on the grounds that USAA, with the benefit of

11  hindsight, believes that the care was not reasonable or necessary. USAA has repeatedly

12  notified injured parties that coverage for continuing care is denied effective prior to the

13  notification.

14      6.18    USAA has engaged in a widespread and systematic practice of suspending

15  benefits until USAA can have its insureds see a biased, but ostensibly "independent,"

16  medical examiner. That examiner, in turn, will routinely write a report resulting in further

17  retroactive denial of benefits.

18      6.19    USAA does not provide timely notification to injured insureds that, in USAA's

19  opinion, their medical treatment is unnecessary and further claims will be denied. Instead, this

20  notification routinely comes months after treatment was received. This practice causes accident

21  victims to continue treating their injuries and incur substantial personal liability, despite their

22  reasonable reliance that such treatments will be covered by the insurance that they dutifully

23  paid for.

24      6.20    USAA's practice also denies insureds and third-party beneficiaries the

25  opportunity to have their treating physicians or other health care providers dispute USAA's

26

CLASS ACTION COMPLAINT - 14

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert D. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   "independent" conclusions on a timely basis (i.e., when treatment is actually being given, as

2   opposed to months later). USAA's retroactive denial of coverage is not actuated by good faith

3   and equity, as required by the insurance code. Furthermore, USAA's practice of suspending

4   benefits before properly investigating the merits of the suspension violates USAA's obligation

5   to adequately and properly investigate an insured's claim..

6       6.21    The abovementioned practices of USAA violate the Washington insurance

7   code and insurance regulations and the Washington State Consumer Protection Act, and

8   constitute a breach of: (a) USAA's statutory and contractual obligations of good faith and

9   fair dealing; (b) USAA's quasi- contractual duties; and (c) USAA's duty to handle claims in

10  a fair and reasonable manner.

11      6.22    Plaintiff and the class also allege that USAA owed and violated three

12  fiduciary duties: (1) the duty to disclose all facts that would aid its insureds in protecting

13  their interests; (2) the duty of equal consideration; and (3) the duty not to mislead its insureds.

14  USAA's failure to pay medical care already incurred also represents a violation of WAC

15  284.30.395.

16      6.23    Plaintiff and the Class also suffered an injury to their property and/or business

17  caused by USAA's unfair and deceptive practices by having to expend out of pocket expenses

18  in relation to the payment of their medical bills.

19      6.24    USAA routinely and systematically underpaid Plaintiff and the Class and as a

20  direct and proximate result of USAA's unfair and deceptive practices described above, Plaintiff

21  and the Class suffered injuries to their property and/or business and damages in amounts to be

22  proven at the time of trial.

23      6.25    Plaintiff and the Class would have acted differently had USAA not engaged in

24  the unfair and deceptive acts described above and they would have received additional

25  necessary medical care and treatment had their coverage not been denied.

26

CLASS ACTION COMPLAINT - 15

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    6.26    Plaintiff and the Class would have acted differently had USAA disclosed all

2    material facts concerning its duties under the policy and under Washington law.

3    6.27    But for USAA's unfair and deceptive conduct as alleged above, Plaintiff and the

4    Class would not have suffered injury or damage.

5    6.28    USAA is liable to Plaintiff and the Class for statutory, actual and treble

6    damages, prejudgment interest, attorneys' fees and costs and injunctive relief under the CPA.

7    **COUNT III: BREACH OF CONTRACT** ·

8    6.29    Plaintiff and the Class incorporate each and every allegations made in

9    paragraphs 1.1- 6.28 above as though fully set forth herein.

10   6.30    USAA, by its acts and omissions described in this complaint, breached and

11   continues to breach its duties of good faith and fair dealing and its "enhanced obligation of

12   fairness towards its insured," which are all implicit in USAA's insurance contracts. *Safeco*

13   *Ins. Co. of Amer. v. Butler.*

14   6.31    USAA's specific breaches include, but are not limited to (a) refusing to pay

15   the amount of medical benefits it is contractually obligated to pay, and (b) failing to meet

16   its duties of good faith and fair dealing by retroactively denying medical coverage months

17   after receiving notice of an insured's treatment and/or suspending coverage pending an

18   examination by one of its "independent" examiners. .

19   6.32    Plaintiff and the proposed class have been damaged by USAA's breaches,

20   while USAA has unreasonably profited from them.

21   6.33    Plaintiff and the proposed class are entitled to declaratory and injunctive relief

22   prohibiting USAA from engaging in the breaches alleged in this complaint.

23   6.34    They are also entitled to damages in an amount to be proven at trial,

24   together with prejudgment interest, expenses, and costs.

25

26

CLASS ACTION COMPLAINT - 16

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

6.35    Plaintiff and the Class performed all of the terms of the contract, when they submitted their bills for payment to USAA rather than the insured.

6.36    USAA breached the contract by not paying the Plaintiff's and Class member's bill in full but instead reducing the payment based on due to code 41.explanation and/or what it assumed was the 90th percentile of provider charges in the provider's geographic area.

## VII.  DAMAGES

7.1    Plaintiff and the Class incorporate each and every allegation made in paragraphs 1.1 - 6.67 above as though fully set forth herein.

7.2    As a direct and proximate result of USAA's wrongful conduct and breach of contract, described above, the Plaintiff and the Class sustained injury to their property and business and damages in amount that will be established at trial, but which amount is substantially less than $5,000,000.

7.3    The injury and damages include but is not limited to loss of money from under-payment of their bills, delayed payment of their bills and breach of contract, nominal and exemplary damages, and out of pocket expenses.

7.4    There is no reasonable basis to believe that these damages exceed $5,000,000.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class respectfully pray that this Court enter judgment on each cause of action alleged herein in favor of Plaintiff and the Class and against all Defendants and that it award damages, equitable and injunctive relief enjoining Defendants from the actions alleged herein and that the Court grant such additional relief as follows:

7.1    Certification of this action as a Class Action pursuant to CR 23.

7.2    Award actual damages to be established at trial;

7.3    Award statutory damages;

7.4    Award reasonable attorney's fees and costs as provided by law;

CLASS ACTION COMPLAINT - 17

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    6.37    Enter a Declaratory Judgment that Defendants' acts described above, and as
2    established at trial, are unfair and deceptive acts that violate the Washington Insurance Code
3    and Washington Administrative Code, and that Defendants are required to pay all reasonable
4    and necessary medical expenses of the Plaintiff until such time as there is an independent
5    determination that they are not reasonable and necessary or the PIP policy limits have been
6    met..

7    7.5    Enjoin defendants from continued violation of the Washington Consumer
8    Protection Act, RCW 19.86.010 *et seq.*;

9    7.6    Finding that USAA's actions constitute violation of the Washington Consumer
10   Protection Act, RCW 19.86.010 *et seq.*

11   7.7    Award Plaintiff and the Class restitution, disgorgement, declaratory relief,
12   and/or actual damages for USAA's unfair, wrongful and/or deceptive acts and conduct;

13   7.8    Award plaintiffs and the Class prejudgment interest;

14   7.9    Award plaintiffs and Class treble, exemplary and/or punitive damages up to the
15   maximum amount permitted by Washington law;

16   7.10 Award plaintiffs and the Class, expert fees, disbursements and costs of suit;

17   7.11 Award such other relief as the court deems equitable, appropriate or just.

18   Dated:  April 11, 2012

19   KORNFELD, TRUDELL, BOWEN &
20   LINGENBRINK, PLLC

21

22   By: _Rob Kornfeld_
        Robert B. Kornfeld, WSBA #10669
23      3724 Lake Washington Blvd NE
        Kirkland, Washington 98033
24      (425) 893-8989 Fax (425) 893-8712
        Rob@kornfeldlaw.com
25

26

**CLASS ACTION COMPLAINT - 18**

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

HOUCK LAW FIRM, PS

By:

William Houck, WSBA #13324
4045 262nd AVE. SE
Issaquah, WA 98029
(425) 392-7118 Fax (425) 337-0916
houcklaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CLASS ACTION COMPLAINT - 19

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com



CERTIFIED

91 7199 9991 7030 0873 4617

P.O. BOX 40255
OLYMPIA, WA 98504-0255

USAA CASUALTY INSURANCE COMPANY
CT CORPORATION SYSTEM
1801 WEST BAY DR NW STE 206
OLYMPIA WA  98502

 **CT Corporation**

**Service of Process Transmittal**
05/04/2012
CT Log Number 520456268

**TO:**   Enterprise Litigation
United Services Automobile Association
9800 Fredericksburg Road, E-3-E
San Antonio, TX 78288-5038

**RE:**   **Process Served in Washington**

**FOR:**  USAA General Indemnity Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tara Cote, etc., Pltf. vs. United Service Automobile Association, etc., et al. including USAA General Indemnity Company, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Certificate of Service, Order, Summons, Class Action Complaint |
| **COURT/AGENCY:** | King County - Kent - Superior Court, WA<br>Case # 122126372KNT |
| **NATURE OF ACTION:** | Insurance Litigation - Dft. engages in a systematic practice of unfairly depriving its injured insureds of their full PIP medicals benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an "independent" medical exam or a records review or a peer review // Seeking Declaratory Judgment and Demand for Jury Trial |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/04/2012 postmarked on 05/03/2012 |
| **JURISDICTION SERVED:** | Washington |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, excluding the day of service - Response to Complaint (See document for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Robert B. Kornfeld<br>Kornfeld, Trudell, Bowen & Lingenbrink Robert B. Kornfeld, Inc., P.S.<br>3724 Lake Washington Blvd NE<br>Kirkland, WA 98033<br>(425)893-8989 |
| **REMARKS:** | Process served/received by Insurance Commissioner on May 3, 2012 and mailed to CT Corporation System on May 3, 2012 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/04/2012, Expected Purge Date: 05/09/2012<br>Image SOP<br>Email Notification, Enterprise Litigation Linda.Allen@usaa.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | CT Corporation System<br>Michele Rowe<br>1801 West Bay Drive NW<br>Suite 206<br>Olympia, WA 98502 |
| **TELEPHONE:** | 360-357-6794 |

Page 1 of  1 / TO

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| TARA COTE, individually and on behalf of the class of similarly situated persons and entities, | ) ) ) | NO.   12-2-12637-2 KNT |
| Plaintiffs, | ) ) ) | **INSURANCE COMMISSIONER'S** |
| vs. | ) ) | **CERTIFICATE OF SERVICE** |
| UNITED SERVICE AUTOMOBILE ASSOCIATION, a foreign corporation, USAA GENERAL AGENCY, INC., a foreign corporation, USAA INSURANCE AGENCY, a foreign corporation, USAA CASUALTY INSURANCE COMPANY,  a foreign corporation, USAA GENERAL INDEMNITY COMPANY, a foreign corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE*

in the above-mentioned matter on May 3, 2012, on behalf of and as statutory attorney for

*USAA GENERAL INDEMNITY COMPANY*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

Receipt of the $10 statutory service fee is acknowledged.

Tracker ID 8525

**ISSUED AT OLYMPIA, WASHINGTON:** May 3, 2012

**Certification No.:** 91 7199 9991 7030 0873 4976

**MIKE KREIDLER**
Insurance Commissioner

By

Cheyenne Johnston
Service of Process Coordinator

**Original to:**

Robert B. Kornfield
Kornfield Trudell Bowen & Lingenbrink, PLLC
3724 Lake Washington Blvd. NE
Kirkland, WA 98033

**Copy to:**

USAA General Indemnity Company
CT Corporation System
1801 West Bay Drive NW, Suite 206
Olympia, WA 98502

Tracker ID 8525



# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

TARA COTE

                                   Plaintiff(s)

vs

USAA

                               Defendant(s)

NO. 12-2-12637-2   KNT

Order Setting Civil Case Schedule (*ORSCS)

ASSIGNED JUDGE Gain _____ 14

FILE DATE:            04/12/2012

TRIAL DATE:        **09/09/2013**

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____  |  _____

          Print Name                                Sign Name

Order Setting Civil Case Schedule (*ORSCS)                      REV. 12/08   1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. The court will review the confirmation of joinder document to determine if a
hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  04/12/2012 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Thu  09/20/2012 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Thu  09/20/2012 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Thu  10/04/2012 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon  04/08/2013 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon  05/20/2013 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon  06/03/2013 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | Mon  06/03/2013 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon  07/22/2013 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon  08/12/2013 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon  08/19/2013 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon  08/19/2013 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon  08/26/2013 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Tue  09/03/2013 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue  09/03/2013 | * |
| Trial Date [*See KCLCR 40*]. | Mon  09/09/2013 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   04/12/2012

*Richard F. McDermott*
_____
PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08   3

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

_____

**PRESIDING JUDGE**

1

2

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KING

3    TARA COTE, individually and on behalf of the
     class of similarly situated persons and entities,

4                                                        Cause No.: 12-2-12637-2 KNT

5                                Plaintiffs,
                                                         SUMMONS
          vs.

6    UNITED SERVICE AUTOMOBILE

7    ASSOCIATION, a foreign corporation, USAA
     GENERAL AGENCY, INC., a foreign

8    corporation, USAA INSURANCE AGENCY, a
     foreign corporation, USAA CASUALTY

9    INSURANCE COMPANY, a foreign
     corporation, USAA GENERAL INDEMNITY

10   COMPANY, a foreign corporation,

11                               Defendants.

12   TO THE DEFENDANTS:

13        A lawsuit has been started against you in the above-entitled court by plaintiff.

14   Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this

15

16   summons.

17        In order to defend against this lawsuit, you must respond to the complaint by stating

18   your defense in writing, and by serving a copy upon the person signing this summons within

19   twenty (20) days after service of this summons, excluding the day of service, or

20

21

22   SUMMONS - 1                          KORNFELD, TRUDELL, BOWEN &
                                          LINGENBRINK Robert B. Kornfeld, Inc., P.S.
23                                        3724 Lake Washington Blvd NE
                                          Kirkland, Washington 98033
24                                        (425) 893-8989 Fax (425) 893-8712
                                          Rob@kornfeldlaw.com
25

1 within sixty (60) days of service if made upon you outside the State of Washington, or a default

2 judgment may be entered against you without notice. A default judgment is one where plaintiff

3 is entitled to what he asks for because you have not responded. If you serve a notice of

4 appearance on the undersigned person, you are entitled to notice before a default judgment may

5 be entered.

6

7     You may demand that the plaintiff file this lawsuit with the court. If you do so, the

8 demand must be in writing and must be served upon the person signing this summons. Within

9 fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court,

10 or the service on you of this summons and complaint will be void.

11     If you wish to seek advice of an attorney in this matter, you should do so promptly so

12 that your written response, if any, may be served on time.

13     This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

14 State of Washington.

15     Dated: April 11, 2012

16

17 KORNFELD, TRUDELL, BOWEN &      HOUCK LAW FIRM, PS
   LINGENBRINK, PLLC

18

19 By: _Bob Kornfeld_____     By: _____
      Robert B. Kornfeld, WSBA #10669     William Houck, WSBA #13324

20 3724 Lake Washington Blvd NE     4045 262nd AVE. SE
   Kirkland, Washington 98033     Issaquah, WA 98029

21 (425) 893-8989 Fax (425) 893-8712     (425) 392-7118 ax (425) 337-0916
   Rob@kornfeldlaw.com     houcklaw@gmail.com

22

23

24

25

26

SUMMONS - 2

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| TARA COTE, individually and on behalf of the class of similarly situated persons and entities,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED SERVICE AUTOMOBILE ASSOCIATION, a foreign corporation, USAA GENERAL AGENCY, INC., a foreign corporation, USAA INSURANCE AGENCY, a foreign corporation, USAA CASUALTY INSURANCE COMPANY, a foreign corporation, USAA GENERAL INDEMNITY COMPANY, a foreign corporation,<br><br>      Defendants. | Cause No.: 12-2-12637-2 KNT<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF RCW §§ 19.86, UNJUST ENRICHMENT and BREACH OF CONTRACT CLAIM<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Tara Cote, [hereinafter, "Cote" or "Plaintiff"] individually and on behalf of all members of the Class of similarly situated Washington insureds alleges the following Complaint and causes of action against Defendants United Services Automobile Association, USAA General Agency, Inc., USAA Insurance Agency, USAA Casualty Insurance Company, and USAA General Indemnity Company (hereinafter ""):

CLASS ACTION COMPLAINT - 1

KORNFELD, TRUDELL, BOWEN & LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

# I.   PRELIMINARY STATEMENT

## A.   Defendant USAA Provides PIP/MED PAY Coverage in Washington

1.1    At all time relevant, each of the Defendant USAA insurance companies has sold automobile insurance in Washington. USAA, as an automobile insurers in Washington, is required by law to provide "Personal Injury Protection" or "PIP" and/or MED PAY coverage in their automobile insurance policies that would pay each insured's "reasonable and necessary medical and hospital benefits" up to $10,000 arising from a covered automobile accident.

1.2    Defendant USAA engages in a systematic practice of unfairly depriving its injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an "independent" medical exam (IME) or a records review or a peer review.  These "retroactive denials" of coverage occur days, weeks or months after the claimants have received treatment for their injuries and amount to a failure to pay claims that have already occurred. The "suspensions of medical payments" unfairly deny and suspend medical coverage until the completion of the IME or some other review. These unfair practices can spell financial ruin for insureds, who are receiving necessary care for their injuries but are unable to reasonably rely upon their PIP insurance coverage to pay for their treatment, and can cause a loss of health care which can make their injuries and conditions worse, thereby, increasing pain and suffering. Neither the contract of insurance nor USAA's claims department give notice to the insureds that USAA routinely denies coverage retroactively or suspends coverage for day, weeks or months on end.

1.3    With respect to "retroactive denial of coverage", USAA fails to maintain a consistent, timely, and fair process for pre-treatment authorization or for contemporaneous authorization, nor does it give notice of this practice, a practice which is in bad faith and denial of PIP and MED PAY benefits. Instead, days, weeks or months after treatment has taken place, USAA unilaterally, without foundation or medical evidence, denies further and past care and

CLASS ACTION COMPLAINT - 2

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    treatment.  USAA utilizes "independent" medical examiners or other reviews by health care

2    providers, who may or may not be qualified, to conduct a medical review of the insured. These

3    examiners are paid exclusively by USAA to make a determination as to whether that treatment

4    was "reasonable and necessary" or caused by the collision at issue. When coverage is denied,

5    the denial is retroactive such that the insured party is neither notified nor aware that the

6    treatment will not be covered until long after treatment has actually occurred. With respect to

7    "suspension of coverage", USAA denies and suspends coverage before there is a determination

8    that the treatments are not reasonable and necessary or there is a causation issue.

9        1.4    At all times relevant, USAA's automobile insurance policies in Washington

10   have not stated that payment of medical and hospital benefits under the PIP and MED PAY

11   coverage is subject to retroactive denial of coverage or suspension pending an "independent"

12   medical examination, records review or peer review (hereafter referred to collectively as an

13   IME) or that this can be accomplished on the whim of an insurance adjuster without any

14   medical evidence and without the proper foundation and authority to support such a unilateral

15   decision.

16       1.5    USAA is obligated contractually and under Washington Insurance law to

17   process PIP claims in a fair and timely manner and to comply with the WAC governing

18   Insurance Practices. USAA is required to rely on the facts as they appear at the time the

19   treatment is given as opposed to the opinions of its potentially biased medical

20   examiners days, weeks or months after the date of treatment.

21       1.6    USAA is prohibited from retroactively denying coverage and/or

22   unilaterally deciding to suspend payments until an examination can take place.

23       1.7    USAA wrongful conduct violates the Washington State Insurance Code

24   and the Washington State Consumer Protection Act, and violates USAA's statutory and

25   contractual duties of good faith and fair dealing and duty to handle claims in a fair and

26

CLASS ACTION COMPLAINT - 3

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   reasonable manner.  USAA has been "guilty" of bad faith in the payment of MED PAY

2   and PIP benefits in these regards.

3       1.8    USAA's conduct violated its fiduciary duties to its insureds: (1) the duty

4   to conduct a reasonable investigation before denying or suspending coverage (2) the

5   duty to disclose all facts that would aid its insureds in protecting their interests;

6   (3) the duty of equal consideration; (4) the duty not to mislead its insureds and the

7   duty to follow the Washington State Insurance regulations.

8       1.9    Plaintiff, on behalf of himself and others similarly situated, seeks damages for

9   USAA's illegal practices and seeks declaratory and injunctive relief compelling USAA to

10   adopt fair and equitable claims-handling procedures regarding the issues raised in this action.

11   **C.**   **The "USAA Group of Insurance Companies" Acts for USAA**

12       1.10   At all times relevant, the Defendant USAA companies have processed,

13   reviewed, adjust and/or paid Washington insured's PIP and MED PAY coverage using the

14   name, "The USAA Group of Insurance Companies." The name "The USAA Group of

15   Insurance Companies" has referred to all of the Defendant USAA insurance companies over

16   the relevant time period.

17       1.11   At all times relevant, the Defendant USAA companies have communicated to

18   Washington insureds what actions they have taken on bills submitted by them for medical

19   expenses under the PIP and MED APY coverage through EOB forms that bear the name "The

20   USAA Group of Insurance Companies".

21                     **II.  PARTIES**

22       2.1    Tara Cote is a USAA insured who had his PIP benefits retroactively denied and

23   suspended pending USAA's peer medical records review. She is a resident of King County,

24   state of Washington.

25

26

CLASS ACTION COMPLAINT - 4

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

2.2     Each of the Defendant USAA insurance companies is believed to be foreign insurance company, licensed to do and conducting business in the State of Washington and King County.

### A.     The Defendants have Acted in Concert through a Joint Enterprise

2.3     At all times relevant, the Defendant USAA insurance companies have acted in concert as part of a "joint enterprise" with regard to the processing, review, adjustment and payment of PIP claims Washington.

2.4     As part of this joint enterprise, all the Defendant USAA insurance companies have processed, reviewed, adjusted and paid Washington insureds' PIP health care bills under the name "The USAA Group of Insurance Companies."

2.5     The USAA Group of Insurance Companies has used the same claims representatives to process, review, adjust and pay PIP health care charges submitted on all insurance policies issued by all of the Defendant USAA companies.

2.6     The claims representatives have followed the same procedures and practices when processing, reviewing, adjusting and paying insureds' PIP bills for services irrespective of which of the Defendant USAA companies was the insurer.

2.7     There is no difference between the Defendant companies in the way they process, review, adjust and pay claims under their insured's PIP coverage. They all use the same practices and procedures and the same claims representatives.

2.8     When processing, reviewing, adjusting and paying insured's health provider bills, the claims representatives were supervised by the same individuals and were subject to the same control over their work irrespective of which of the Defendant USAA companies was the insurer.

2.9     The policy language relied upon by the claims representative to pay Washington providers for their services under the insured's PIP coverage was identical or substantially

CLASS ACTION COMPLAINT - 5

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    similar irrespective of which of the Defendant USAA companies was the insurer. At all times

2    relevant, each of the Defendant USAA companies have used substantially similar if not

3    identical policy language for the PIP provision in their insurance policy relied upon by their

4    claims representatives to pay Washington providers.

5        2.10    One purpose and intent of the joint enterprise between the Defendant USAA

6    insurance companies was to reduce payments made in Washington for PIP medical expenses.

7        2.11    One purpose and intent of the joint enterprise between the Defendant USAA

8    insurance companies was to reduce the cost of administrating and paying PIP claims.

9        2.12    The overall purpose and intent of the joint enterprise was to save the Defendant

10   USAA insurance company costs and expenditures on PIP claims.

11       2.13    The effect of the joint enterprise was that each of the Defendant USAA

12   insurance companies failed to pay all reasonable medical expenses of its insured under the

13   insured's PIP coverage. Instead they engages in a systematic practice of unfairly depriving its

14   injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by

15   suspending medical payments until after completion of an "independent" medical exam (IME).

16       2.14    In practice, the same person or persons have the ability to change, amend, enact

17   or alter the practices of the Defendant USAA insurance companies at issue in this action. These

18   individuals have the ability to discontinue Defendants' unlawful practices.

19       2.15    Plaintiff was subjected to the above described practices of the Defendants' joint

20   enterprise.

21              **III.    JURISDICTION AND VENUE**

22       3.1     This Court has jurisdiction pursuant to RCW 2.08.010 and RCW 4.28.185.

23       3.2     At all times relevant, Plaintiff resided in King County.

24

25

26

**CLASS ACTION COMPLAINT - 6**

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

3.3     At all times relevant, each of the Defendant USAA companies has conducted substantial business and many of the alleged breaches took place within King County, Washington.

3.4     Pursuant to RCW 4.12.025, venue is proper in King County Superior Court.

### IV.     FACTUAL ALLEGATIONS

**A.     Plaintiffs' Individual Factual Allegations**

4.1     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1.1 through 3.4 above, as if fully set forth in this paragraph.

4.2     Plaintiff was injured in an automobile accident on August 28, 2011. Plaintiff treated for injuries sustained in his automobile accident and submitted his medical bills to USAA for payment under her PIP coverage.

4.3     On March 15, 2012 USAA notified Plaintiff by letter that USAA is suspending payment of PIP coverage benefits and refusing to pay retroactively for treatment already provided, pending an IME.

As a result of injuries sustained in an automobile accident, Plaintiff has incurred reasonable and necessary medical bills which USAA has refused to pay and because of the suspension of payment Plaintiff is deterred form seeking additional necessary treatment.

4.4     The Putative Class incorporates herein by reference each and every allegation contained in paragraphs 1.1 to 4.4 above as if fully set forth here.

### V.     CLASS ALLEGATIONS

5.1     Plaintiff and the Putative class incorporate by reference each and every factual allegation set forth in paragraphs 1.1 to 4.4 herein by this reference as if set forth in its entirety.

5.2     Plaintiff brings all claims herein as class claims pursuant to Civil Rule ("CR") 23 and Local Rule ("LR") 23.

CLASS ACTION COMPLAINT - 7

KORNFELD, TRUDELL, BOWEN & LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    5.3    The class consists of all insured, as defined in the Personal Injury Protection and

2    MED PAY coverage portions of USAA's policies, and all third-party beneficiaries of such

3    coverage, issued in the state of Washington with respect to whom USAA:(a) retroactively

4    disallowed coverage for medical expenses more than thirty (30) days after Farmers received

5    the bill for the insured's care, and (b) suspended and/or withheld payments for necessary

6    treatment pending a future evaluation by USAA 's "independent" medical examiners. Excluded

7    from the class are Farmers' executives, counsel, and their immediate family members. The time

8    period for the class is six years preceding the date of filing of this lawsuit up to the date of

9    settlement or judgment.

10

11    5.4    Plaintiff and the Class seek a declaratory judgment that USAA's practices were

12    unfair, wrongful and/or deceptive and restitution and/or disgorgement, and/or damages and

13    injunctive relief under the Declaratory Judgment Act, the common law, the Washington

14    Insurance Code and the Washington Consumer Protection Act, RCW 19.86 et seq.

15    5.5    Class certification is proper under CR 23(a) (1) because the members of the

16    class total more than 1,000 who are geographically dispersed over numerous cities and counties

17    in the state of Washington.

18    5.6    Because of the number of Class members and their geographic dispersion,

19    individual joinder of each putative class member is not practicable.

20    5.7    Class certification is proper under CR 23(a)(2) because USAA has undertaken

21    common policies and practices with regard to suspension and retroactive denial of PIP

22    payments. Among these common questions are:

23    a.    Whether USAA's retroactive denial of coverage for medical care, more than 30

24    days after USAA received the bill for the injured person's care, constitute an illegal,

25    unfair, or deceptive practice under Washington's insurance code and/or Consumer Protection

26    Act?

CLASS ACTION COMPLAINT - 8

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.:
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

    b.      Whether USAA's retroactive denial of coverage for medical care, more than 30 days after USAA received the bill for the injured person's care, breach Farmer's contractual duty of good faith and fair dealing?

    c.      Whether USAA's practice of suspending payments of insurance benefits before it has completed its investigation constitute a tortious and/or unfair claims- handling process?

    d.      Whether USAA's retroactive denial of coverage for medical care, more than 30 days after USAA received the bill for the injured person's care, an illegal, unfair, or deceptive practice under Washington's insurance code and/or Consumer Protection Act?

    e.      Whether USAA's retroactive denial of coverage for medical care, more than 30 days after USAA received the bill for the injured person's care, breach USAA's quasi-fiduciary duty to the class members?

    f.      Whether USAA engages in a systematic practice of unfairly depriving its injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an (IME)?

    g.      Whether USAA delayed payment of PIP claims in violation of WAC §284.30.330 et seq?

    h.      Whether USAA was unjustly enriched by any of its unfair, wrongful and/or deceptive practices that violated the WAC, the Insurance Code, or the CPA.

    5.7.     Class certification is proper under CR 23(a)(3) because Plaintiff' claims are typical of the claims of the members of the putative class and USAA's defenses to the claims of Plaintiff are also typical of the defenses to such claims. The claims and defenses are typical because they arise out of the same common policies and practices which USAA applied to the reimbursement of bills submitted by all Washington insureds' PIP coverage. The claims arise from the same unfair, wrongfully and deceptive scheme undertaken by Defendants to deprive Washington insureds of their full PIP coverage.

CLASS ACTION COMPLAINT - 9

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    5.8    Class certification is proper under CR 23(a)(4) because Plaintiff can fairly and
2    adequately represent the interests of the other members of the class. He has no interests that
3    conflict with those of the members of the class. It is in his interest and those of the other
4    members of the class that they be paid fully for their medical expenses. Plaintiff has retained
5    skilled attorneys who have represented claimants and class members with similar claims to
6    those brought in this lawsuit.  Plaintiff' counsel have been appointed class counsel in other
7    cases involving similar claims.
8    5.9    Class certification is proper under CR 23(b)(3) because the questions of law and
9    fact common to the class, as set forth above in paragraph 5.6 predominate over any questions
10   affecting only individual members of the class.  Common questions predominate because
11   USAA undertook a common course of conduct towards all members of the class regarding
12   requests for reimbursement submitted under the insured's PIP coverage.
13   5.10   Class certification is proper under CR 23(b)(3) because a class action is a
14   superior method for adjudicating the claims of the members of the class than hundreds of
15   individual actions in numerous cities and counties of Washington that raise the identical factual
16   and legal issues.
17   5.11   Class certification is a superior method of adjudicating the claims because the
18   individual class members have little interest in individually controlling the prosecution of their
19   claims.
20   5.12   Class certification is a superior method of adjudicating the claims because there
21   is no significant individual litigation already commenced by Washington insureds against
22   USAA raising the identical claims.
23   5.13   Class certification is a superior method of adjudicating the claims because it is
24   desirable to concentrate the litigation and claims in a single forum to avoid duplicity of actions
25   and inconsistent adjudications of identical claims. King County is a desirable forum for
26

CLASS ACTION COMPLAINT - 10

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  litigation of the class claims because it is most likely the place where most class members are

2  located and where the Defendants' in-state witnesses are likely located.  The cost to the court

3  system of individualized litigation would be substantial.

4      5.14    Class certification is a superior method of adjudicating the claims because there

5  are few difficulties likely to be encountered in the adjudication of the class members' legal

6  claims.

## VI.    LEGAL CLAIMS AND CAUSES OF ACTION

7

## COUNT I:    DECLARATORY JUDGMENT ACT CLAIM

8

9      6.1    Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

10  5.16 above as through set forth here.

11      6.2    Washington law requires all automobile insurers to provide PIP coverage that

12  will pay all reasonable medical expenses of its insured arising from a covered automobile

13  accident.  RCW 48.22.005(7).

14      6.3    The Washington insurance code declares, inter alia, that "[t]he business of

15  insurance...requir[es] that all persons be actuated by good faith, abstain from deception, and

16  practice honesty and equity in all insurance matters." RCW 48.01.030. It also

17  prohibits15insurance companies from engaging in unfair or deceptive acts or practices in the

18  conduct of their business. RCW 48.30.010. Specific acts that the Insurance Commissioner has

19  defined to be unfair claims-handling practices in violation of the insurance code 30 WAC 284-

20  30-330 include:

21      •Misrepresenting pertinent facts or insurance policy provisions.

22      •Failing to acknowledge and act reasonably promptly upon communications with

23      respect to claims arising under insurance policies.

24      •Failing to adopt and implement reasonable standards for the prompt investigation of

25      claims arising under insurance policies.

26

**CLASS ACTION COMPLAINT - 11**

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    •Failing to affirm or deny coverage of claims within a reasonable time after proof of

2    loss statements have been completed.

3    •Failing to promptly provide a reasonable explanation of the basis in the insurance

4    policy in relation to the facts or applicable law for denial of a claim or for the offer of a

5    compromise settlement

6    •Failure to adopt and implement reasonable standards for the processing and payment

7    of claims once the obligation to pay has been established.

8    6.4     Under Washington law, it is unlawful for an automobile insurer to deny a claim

9    under the insurance policy without conducting a reasonable investigation of the claim. WAC

10   §284-30-330.

11   6.5     Under Washington law, "[e]very insurer, upon receiving notification of claim,

12   shall  promptly provide necessary claim forms, instructions, and reasonable assistance so that

13   first party claimants can comply with the policy conditions and the insurer's reasonable

14   requirements." WAC 284-30-360.

15   6.6     Under Washington law, "[e]very insurer shall complete investigation of a claim

16   within thirty days after notification of claim, unless such investigation cannot reasonably be

17   completed within such time." WAC 284-30-370.

18   6.7     Under Washington law, [w]ithin fifteen working days after receipt by the

19   insurer of properly executed proofs of loss, the first party claimant shall be advised of the

20   acceptance or denial of the claim by the insurer." WAC 284-30-370.

21   6.8     The foregoing provisions of the insurance code can be enforced through the

22   private right of action created by the state legislature in the Washington Consumer Protection

23   Act: "actions and transactions prohibited or regulated under the laws administered by the

24   insurance commissioner shall be subject to the provisions of RCW 19.86.020 and all sections

25

26

CLASS ACTION COMPLAINT - 12

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   of chapter RCW 19.86 which provide for the implementation and enforcement of RCW

2   19.86.020." RCW 19.86.170.

3       6.9    USAA's practice of unfairly depriving its injured insureds of their full PIP

4   medical benefits by denying coverage retroactively and/or by suspending medical payments

5   until after completion of an "independent" medical exam should be declared an unfair

6   insurance practice because USAA fails to conduct a reasonable investigation of the claim

7   before denying payment.

8       6.10   The Washington Insurance Code provides that: "No person engaged in the

9   business of insurance shall engage in unfair or deceptive acts or practices in the conduct of

10  such business." RCW 48.30.010(1).

11      6.11   The Washington Insurance Code provides in pertinent part: "No person shall

12  disseminate any deceptive or misleading representation in the conduct of the business of

13  insurance or relative to the business of insurance." RCW 48.30.040.

14      6.12   USAA's practice of unfairly depriving its injured insureds of their full PIP

15  medical benefits by denying coverage retroactively and/or by suspending medical payments

16  until after completion of an "independent" medical exam should be declared an unfair

17  insurance practice because it is deceptive and misleading.

18      6.13   Each and every practice identified above should be declared an unfair and/or

19  deceptive practice under the Insurance Code and the Consumer Protection Act.

20          **COUNT II: VIOLATION OF CONSUMER PROTECTION ACT**

21      6.14   Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

22  6.13 above as through set forth here.

23      6.15   The Washington Insurance Code prohibits the use of unfair or deceptive

24  practices in the business of insurance.  RCW 48.30.010(1). A violation of the Insurance Code

25

26

CLASS ACTION COMPLAINT - 13

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    constitutes a per se violation of Washington Consumer Protection Act, RCW 19.86 et. seq.

2    ["CPA"].

3        6.16    Each and every practice identified in paragraphs 6.8 – 6.13 above is an unfair

4    and/or deceptive practice that violates the CPA. Each of the practices is a per se violation of the

5    CPA, because each violates the Insurance Code.

6        A.    **USAA's Unfair and Deceptive Practices in Violation of CPA AND IN BAD**

7    **FAITH**

8        6.17    USAA has engaged in a systematic practice of reviewing medical claims of

9    covered individuals many months after the individual received treatment and submitted the

10   bills, and then retroactively denying coverage on the grounds that USAA, with the benefit of

11   hindsight, believes that the care was not reasonable or necessary. USAA has repeatedly

12   notified injured parties that coverage for continuing care is denied effective prior to the

13   notification.

14       6.18    USAA has engaged in a widespread and systematic practice of suspending

15   benefits until USAA can have its insureds see a biased, but ostensibly "independent,"

16   medical examiner. That examiner, in turn, will routinely write a report resulting in further

17   retroactive denial of benefits.

18       6.19    USAA does not provide timely notification to injured insureds that, in USAA's

19   opinion, their medical treatment is unnecessary and further claims will be denied. Instead, this

20   notification routinely comes months after treatment was received. This practice causes accident

21   victims to continue treating their injuries and incur substantial personal liability, despite their

22   reasonable reliance that such treatments will be covered by the insurance that they dutifully

23   paid for.

24       6.20    USAA's practice also denies insureds and third-party beneficiaries the

25   opportunity to have their treating physicians or other health care providers dispute USAA's

26

CLASS ACTION COMPLAINT - 14

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   "independent" conclusions on a timely basis (i.e., when treatment is actually being given, as

2   opposed to months later). USAA's retroactive denial of coverage is not actuated by good faith

3   and equity, as required by the insurance code. Furthermore, USAA's practice of suspending

4   benefits before properly investigating the merits of the suspension violates USAA's obligation

5   to adequately and properly investigate an insured's claim..

6       6.21    The abovementioned practices of USAA violate the Washington insurance

7   code and insurance regulations and the Washington State Consumer Protection Act, and

8   constitute a breach of: (a) USAA's statutory and contractual obligations of good faith and

9   fair dealing; (b) USAA's quasi- contractual duties; and (c) USAA's duty to handle claims in

10  a fair and reasonable manner.

11      6.22    Plaintiff and the class also allege that USAA owed and violated three

12  fiduciary duties: (1) the duty to disclose all facts that would aid its insureds in protecting

13  their interests; (2) the duty of equal consideration; and (3) the duty not to mislead its insureds.

14  USAA's failure to pay medical care already incurred also represents a violation of WAC

15  284.30.395.

16      6.23    Plaintiff and the Class also suffered an injury to their property and/or business

17  caused by USAA's unfair and deceptive practices by having to expend out of pocket expenses

18  in relation to the payment of their medical bills.

19      6.24    USAA routinely and systematically underpaid Plaintiff and the Class and as a

20  direct and proximate result of USAA's unfair and deceptive practices described above, Plaintiff

21  and the Class suffered injuries to their property and/or business and damages in amounts to be

22  proven at the time of trial.

23      6.25    Plaintiff and the Class would have acted differently had USAA not engaged in

24  the unfair and deceptive acts described above and they would have received additional

25  necessary medical care and treatment had their coverage not been denied.

26

CLASS ACTION COMPLAINT - 15

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    6.26    Plaintiff and the Class would have acted differently had USAA disclosed all

2    material facts concerning its duties under the policy and under Washington law.

3    6.27    But for USAA's unfair and deceptive conduct as alleged above, Plaintiff and the

4    Class would not have suffered injury or damage.

5    6.28    USAA is liable to Plaintiff and the Class for statutory, actual and treble

6    damages, prejudgment interest, attorneys' fees and costs and injunctive relief under the CPA.

7    **COUNT III:   BREACH OF CONTRACT**

8    6.29    Plaintiff and the Class incorporate each and every allegations made in

9    paragraphs 1.1- 6.28 above as though fully set forth herein.

10   6.30    USAA, by its acts and omissions described in this complaint, breached and

11   continues to breach its duties of good faith and fair dealing and its "enhanced obligation of

12   fairness towards its insured," which are all implicit in USAA's insurance contracts. *Safeco*

13   *Ins. Co. of Amer. v. Butler.*

14   6.31    USAA's specific breaches include, but are not limited to (a) refusing to pay

15   the amount of medical benefits it is contractually obligated to pay, and (b) failing to meet

16   its duties of good faith and fair dealing by retroactively denying medical coverage months

17   after receiving notice of an insured's treatment and/or suspending coverage pending an

18   examination by one of its "independent" examiners. .

19   6.32    Plaintiff and the proposed class have been damaged by USAA's breaches,

20   while USAA has unreasonably profited from them.

21   6.33    Plaintiff and the proposed class are entitled to declaratory and injunctive relief

22   prohibiting USAA from engaging in the breaches alleged in this complaint.

23   6.34    They are also entitled to damages in an amount to be proven at trial,

24   together with prejudgment interest, expenses, and costs.

25

26

CLASS ACTION COMPLAINT - 16

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1       6.35    Plaintiff and the Class performed all of the terms of the contract, when they

2   submitted their bills for payment to USAA rather than the insured.

3       6.36    USAA breached the contract by not paying the Plaintiff's and Class member's

4   bill in full but instead reducing the payment based on due to code 41.explanation and/or what it

5   assumed was the 90th percentile of provider charges in the provider's geographic area.

6                       **VII.  DAMAGES**

7       7.1    Plaintiff and the Class incorporate each and every allegation made in paragraphs

8   1.1 - 6.67 above as though fully set forth herein.

9       7.2    As a direct and proximate result of USAA's wrongful conduct and breach of

10  contract, described above, the Plaintiff and the Class sustained injury to their property and

11  business and damages in amount that will be established at trial, but which amount is

12  substantially less than $5,000,000.

13      7.3    The injury and damages include but is not limited to loss of money from under-

14  payment of their bills, delayed payment of their bills and breach of contract, nominal and

15  exemplary damages, and out of pocket expenses.

16      7.4    There is no reasonable basis to believe that these damages exceed $5,000,000.

17                 **VII.    PRAYER FOR RELIEF**

18  

19      WHEREFORE, Plaintiffs and the Class respectfully pray that this Court enter judgment

20  on each cause of action alleged herein in favor of Plaintiff and the Class and against all

21  Defendants and that it award damages, equitable and injunctive relief enjoining Defendants

22  from the actions alleged herein and that the Court grant such additional relief as follows:

23      7.1    Certification of this action as a Class Action pursuant to CR 23.

24      7.2    Award actual damages to be established at trial;

25      7.3    Award statutory damages;

26      7.4    Award reasonable attorney's fees and costs as provided by law;

CLASS ACTION COMPLAINT - 17

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1       6.37   Enter a Declaratory Judgment that Defendants' acts described above, and as

2  established at trial, are unfair and deceptive acts that violate the Washington Insurance Code

3  and Washington Administrative Code, and that Defendants are required to pay all reasonable

4  and necessary medical expenses of the Plaintiff until such time as there is an independent

5  determination that they are not reasonable and necessary or the PIP policy limits have been

6  met.

7       7.5.   Enjoin defendants from continued violation of the Washington Consumer

8  Protection Act, RCW 19.86.010 *et seq.*;

9       7.6   Finding that USAA's actions constitute violation of the Washington Consumer

10  Protection Act, RCW 19.86.010 *et seq.*

11       7.7   Award Plaintiff and the Class restitution, disgorgement, declaratory relief,

12  and/or actual damages for USAA's unfair, wrongful and/or deceptive acts and conduct;

13       7.8  Award plaintiffs and the Class prejudgment interest;

14       7.9  Award plaintiffs and Class treble, exemplary and/or punitive damages up to the

15  maximum amount permitted by Washington law;

16      7.10 Award plaintiffs and the Class, expert fees, disbursements and costs of suit;

17      7.11 Award such other relief as the court deems equitable, appropriate or just.

18     Dated:  April 11, 2012

19

20              KORNFELD, TRUDELL, BOWEN &
                    LINGENBRINK, PLLC

21

22          By:     *Rob Kornfeld*

23              Robert B. Kornfeld, WSBA #10669
                3724 Lake Washington Blvd NE

24              Kirkland, Washington 98033
                (425) 893-8989 Fax (425) 893-8712

25              Rob@kornfeldlaw.com

26

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

HOUCK LAW FIRM, PS

By: _____

William Houck, WSBA #13324
4045 262nd AVE. SE
Issaquah, WA 98029
(425) 392-7118 Fax (425) 337-0916
houcklaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CLASS ACTION COMPLAINT - 19

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com



91 7199 9991 7030 0873 4976



OFFICE OF
INSURANCE COMMISSIONER

P.O. BOX 40255
OLYMPIA, WA 98504-0255



USAA GENERAL INDEMNITY COMPANY
CT CORPORATION SYSTEM
1801 WEST BAY DR NW STE 206
OLYMPIA WA 98502

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TARA COTE, individually and on behalf of the class of similarly situated persons and entities,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SERVICE AUTOMOBILE ASSOCIATION, a foreign corporation, USAA GENERAL AGENCY, INC., a foreign corporation, USAA INSURANCE AGENCY, a foreign corporation, USAA CASUALTY INSURANCE COMPANY, a foreign corporation, USAA GENERAL INDEMNITY COMPANY, a foreign corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NO.   12-2-12637-2 KNT

**INSURANCE COMMISSIONER'S
CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*SUMMONS; COMPLAINT; ORDER SETTING CASE SCHEDULE*

in the above-mentioned matter on April 25, 2012, on behalf of and as statutory attorney for

*USAA INSURANCE AGENCY INC.*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

Receipt of the $10 statutory service fee is acknowledged.

**ISSUED AT OLYMPIA, WASHINGTON:**  April 26, 2012

Method Rec'd by: _Cert Mail_
Date: _5-2-12_

Del'd to: _LINDA ALLEN_
          _CLO Admin_
Dept: _____
Date: _____ MAY 0 2 2012_

Tracker ID 8489

Certification No.:  91 7199 9991 7030 0873 4624

**MIKE KREIDLER**
Insurance Commissioner

By

Cheyenne Johnston
Service of Process Coordinator

**Original to:**

Robert B. Kornfield
Kornfield Trudell Bowen & Lingenbrink, PLLC
3724 Lake Washington Blvd NE
Kirland, WA 98033

**Copy to:**

USAA Insurance Agency Inc.
Rick Grewe
9800 Fredericksberg Rd.
San Antonio, TX 78288

Tracker ID 8489



## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TARA COTE | NO. 12-2-12637-2   KNT |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| USAA | ASSIGNED JUDGE  Gain _____ 14 |
| | FILE DATE:              04/12/2012 |
| **Defendant(s)** | TRIAL DATE:           09/09/2013 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____

Print Name                                              Sign Name

Order Setting Civil Case Schedule (*ORSCS)                              REV. 12/08      1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $230 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                                   REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu 04/12/2012 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Thu 09/20/2012 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Thu 09/20/2012 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Thu 10/04/2012 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 04/08/2013 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 05/20/2013 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 06/03/2013 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon 06/03/2013 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon 07/22/2013 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 08/12/2013 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 08/19/2013 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 08/19/2013 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 08/26/2013 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Tue 09/03/2013 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue 09/03/2013 | * |
| Trial Date [See KCLCR 40]. | Mon 09/09/2013 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  04/12/2012

_Richard F. McDermott_

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08   3

IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents**

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

*C.   Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

_____
PRESIDING JUDGE

1

2

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

3

TARA COTE, individually and on behalf of the
class of similarly situated persons and entities,

4

5                          Plaintiffs,

vs.

6

UNITED SERVICE AUTOMOBILE
ASSOCIATION, a foreign corporation, USAA

7

GENERAL AGENCY, INC., a foreign

8

corporation, USAA INSURANCE AGENCY, a
foreign corporation, USAA CASUALTY

9

INSURANCE COMPANY, a foreign
corporation, USAA GENERAL INDEMNITY

10

COMPANY, a foreign corporation,

11                          Defendants.

Cause No.:  12-2-12637-2 KNT

SUMMONS

12

TO THE DEFENDANTS:

13

A lawsuit has been started against you in the above-entitled court by plaintiff.

14

Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this

15

16

summons.

17

In order to defend against this lawsuit, you must respond to the complaint by stating

18

your defense in writing, and by serving a copy upon the person signing this summons within

19

twenty (20) days after service of this summons, excluding the day of service, or

20

21

22

SUMMONS - 1

23

24

25

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert D. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@komfeldlaw.com

within sixty (60) days of service if made upon you outside the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated: April 11, 2012

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK, PLLC

By: _Bob Koenfeld_
Robert B. Kornfeld, WSBA #10669
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

HOUCK LAW FIRM, P.S.

By: _____
William Houck, WSBA #13324
4045 262nd AVE. SE
Issaquah, WA 98029
(425) 392-7118 ax (425) 337-0916
houcklaw@gmail.com

SUMMONS - 2

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1

2

3

4

5

6

7

8    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF KING**

9

10   TARA COTE, individually and on behalf of the
     class of similarly situated persons and entities,

11                                                  Cause No.:  12-2-12637-2 KNT
                            Plaintiffs,
                                                    **CLASS ACTION**
12               vs.

13   UNITED SERVICE AUTOMOBILE                      COMPLAINT FOR DECLARATORY
     ASSOCIATION, a foreign corporation, USAA       JUDGMENT, VIOLATION OF RCW §§
14   GENERAL AGENCY, INC., a foreign                19.86, UNJUST ENRICHMENT and
     corporation, USAA INSURANCE AGENCY, a          BREACH OF CONTRACT CLAIM
15   foreign corporation, USAA CASUALTY
     INSURANCE COMPANY, a foreign                   DEMAND FOR JURY TRIAL
16   corporation, USAA GENERAL INDEMNITY
     COMPANY, a foreign corporation,
17
                            Defendants.
18

19

20        Plaintiff, Tara Cote, [hereinafter, "Cote" or "Plaintiff"] individually and on behalf of all

21   members of the Class of similarly situated Washington insureds alleges the following

22   Complaint and causes of action against Defendants United Services Automobile Association,

23   USAA General Agency, Inc.,  USAA Insurance Agency,  USAA Casualty Insurance Company,

24   and USAA General Indemnity Company (hereinafter ""):

25

26

CLASS ACTION COMPLAINT - 1            KORNFELD, TRUDELL, BOWEN &
                                      LINGENBRINK Robert B. Kornfeld, Inc., P.S.
                                           3724 Lake Washington Blvd NE
                                              Kirkland, Washington 98033
                                          (425) 893-8989 Fax (425) 893-8712
                                              Rob@kornfeldlaw.com

I.    PRELIMINARY STATEMENT

A.    Defendant USAA Provides PIP/MED PAY Coverage in Washington

1.1    At all time relevant, each of the Defendant USAA insurance companies has sold automobile insurance in Washington. USAA, as an automobile insurers in Washington, is required by law to provide "Personal Injury Protection" or "PIP" and/or MED PAY coverage in their automobile insurance policies that would pay each insured's "reasonable and necessary medical and hospital benefits" up to $10,000 arising from a covered automobile accident.

1.2    Defendant USAA engages in a systematic practice of unfairly depriving its injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by suspending medical payments until after completion of an "independent" medical exam (IME) or a records review or a peer review.  These "retroactive denials" of coverage occur days, weeks or months after the claimants have received treatment for their injuries and amount to a failure to pay claims that have already occurred. The "suspensions of medical payments" unfairly deny and suspend medical coverage until the completion of the IME or some other review. These unfair practices can spell financial ruin for insureds, who are receiving necessary care for their injuries but are unable to reasonably rely upon their PIP insurance coverage to pay for their treatment, and can cause a loss of health care which can make their injuries and conditions worse, thereby, increasing pain and suffering. Neither the contract of insurance nor USAA's claims department give notice to the insureds that USAA routinely denies coverage retroactively or suspends coverage for day, weeks or months on end.

1.3    With respect to "retroactive denial of coverage", USAA fails to maintain a consistent, timely, and fair process for pre-treatment authorization or for contemporaneous authorization, nor does it give notice of this practice, a practice which is in bad faith and denial of PIP and MED PAY benefits. Instead, days, weeks or months after treatment has taken place, USAA unilaterally, without foundation or medical evidence, denies further and past care and

CLASS ACTION COMPLAINT - 2

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert D. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   treatment.  USAA utilizes "independent" medical examiners or other reviews by health care

2   providers, who may or may not be qualified, to conduct a medical review of the insured. These

3   examiners are paid exclusively by USAA to make a determination as to whether that treatment

4   was "reasonable and necessary" or caused by the collision at issue. When coverage is denied,

5   the denial is retroactive such that the insured party is neither notified nor aware that the

6   treatment will not be covered until long after treatment has actually occurred. With respect to

7   "suspension of coverage", USAA denies and suspends coverage before there is a determination

8   that the treatments are not reasonable and necessary or there is a causation issue.

9      **1.4**    At all times relevant, USAA's automobile insurance policies in Washington

10  have not stated that payment of medical and hospital benefits under the PIP and MED PAY

11  coverage is subject to retroactive denial of coverage or suspension pending an "independent"

12  medical examination, records review or peer review (hereafter referred to collectively as an

13  IME) or that this can be accomplished on the whim of an insurance adjuster without any

14  medical evidence and without the proper foundation and authority to support such a unilateral

15  decision.

16     **1.5**    USAA is obligated contractually and under Washington Insurance law to

17  process PIP claims in a fair and timely manner and to comply with the WAC governing

18  Insurance Practices. USAA is required to rely on the facts as they appear at the time the

19  treatment is given as opposed to the opinions of its potentially biased medical

20  examiners days, weeks or months after the date of treatment.

21     **1.6**    USAA is prohibited from retroactively denying coverage and/or

22  unilaterally deciding to suspend payments until an examination can take place.

23     **1.7**    USAA wrongful conduct violates the Washington State Insurance Code

24  and the Washington State Consumer Protection Act, and violates USAA's statutory and

25  contractual duties of good faith and fair dealing and duty to handle claims in a fair and

26

**CLASS ACTION COMPLAINT - 3**

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   reasonable manner.  USAA has been "guilty" of bad faith in the payment of MED PAY
2   and PIP benefits in these regards.

3       1.8    USAA's conduct violated its fiduciary duties to its insureds: (1) the duty
4   to conduct a reasonable investigation before denying or suspending coverage (2) the
5   duty to disclose all facts that would aid its insureds in protecting their interests;
6   (3) the duty of equal consideration; (4) the duty not to mislead its insureds and the
7   duty to follow the Washington State Insurance regulations.

8       1.9    Plaintiff, on behalf of himself and others similarly situated, seeks damages for
9   USAA's illegal practices and seeks declaratory and injunctive relief compelling USAA to
10  adopt fair and equitable claims-handling procedures regarding the issues raised in this action.

11  **C.    The "USAA Group of Insurance Companies" Acts for USAA**

12      1.10   At all times relevant, the Defendant USAA companies have processed,
13  reviewed, adjust and/or paid Washington insured's PIP and MED PAY coverage using the
14  name, "The USAA Group of Insurance Companies." The name "The USAA Group of
15  Insurance Companies" has referred to all of the Defendant USAA insurance companies over
16  the relevant time period.

17      1.11   At all times relevant, the Defendant USAA companies have communicated to
18  Washington insureds what actions they have taken on bills submitted by them for medical
19  expenses under the PIP and MED APY coverage through EOB forms that bear the name "The
20  USAA Group of Insurance Companies".

21                          **II.   PARTIES**

22      2.1    Tara Cote is a USAA insured who had his PIP benefits retroactively denied and
23  suspended pending USAA's peer medical records review. She is a resident of King County,
24  state of Washington.

25

26

CLASS ACTION COMPLAINT - 4

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1      2.2     Each of the Defendant USAA insurance companies is believed to be foreign

2  insurance company, licensed to do and conducting business in the State of Washington and

3  King County.

4      A.   **The Defendants have Acted in Concert through a Joint Enterprise**

5      2.3     At all times relevant, the Defendant USAA insurance companies have acted in

6  concert as part of a "joint enterprise" with regard to the processing, review, adjustment and

7  payment of PIP claims Washington.

8      2.4     As part of this joint enterprise, all the Defendant USAA insurance companies

9  have processed, reviewed, adjusted and paid Washington insureds' PIP health care bills under

10  the name "The USAA Group of Insurance Companies."

11      2.5     The USAA Group of Insurance Companies has used the same claims

12  representatives to process, review, adjust and pay PIP health care charges submitted on all

13  insurance policies issued by all of the Defendant USAA companies.

14      2.6     The claims representatives have followed the same procedures and practices

15  when processing, reviewing, adjusting and paying insureds' PIP bills for services irrespective

16  of which of the Defendant USAA companies was the insurer.

17      2.7     There is no difference between the Defendant companies in the way they

18  process, review, adjust and pay claims under their insured's PIP coverage. They all use the

19  same practices and procedures and the same claims representatives.

20      2.8     When processing, reviewing, adjusting and paying insured's health provider

21  bills, the claims representatives were supervised by the same individuals and were subject to

22  the same control over their work irrespective of which of the Defendant USAA companies was

23  the insurer.

24      2.9     The policy language relied upon by the claims representative to pay Washington

25  providers for their services under the insured's PIP coverage was identical or substantially

26

CLASS ACTION COMPLAINT - 5

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   similar irrespective of which of the Defendant USAA companies was the insurer. At all times

2   relevant, each of the Defendant USAA companies have used substantially similar if not

3   identical policy language for the PIP provision in their insurance policy relied upon by their

4   claims representatives to pay Washington providers.

5        2.10    One purpose and intent of the joint enterprise between the Defendant USAA

6   insurance companies was to reduce payments made in Washington for PIP medical expenses.

7        2.11    One purpose and intent of the joint enterprise between the Defendant USAA

8   insurance companies was to reduce the cost of administrating and paying PIP claims.

9        2.12    The overall purpose and intent of the joint enterprise was to save the Defendant

10  USAA insurance company costs and expenditures on PIP claims.

11       2.13    The effect of the joint enterprise was that each of the Defendant USAA

12  insurance companies failed to pay all reasonable medical expenses of its insured under the

13  insured's PIP coverage. Instead they engages in a systematic practice of unfairly depriving its

14  injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by

15  suspending medical payments until after completion of an "independent" medical exam (IME).

16       2.14    In practice, the same person or persons have the ability to change, amend, enact

17  or alter the practices of the Defendant USAA insurance companies at issue in this action. These

18  individuals have the ability to discontinue Defendants' unlawful practices.

19       2.15    Plaintiff was subjected to the above described practices of the Defendants' joint

20  enterprise.

21       III.    JURISDICTION AND VENUE

22       3.1     This Court has jurisdiction pursuant to RCW 2.08.010 and RCW 4.28.185.

23       3.2     At all times relevant, Plaintiff resided in King County.

24

25

26

CLASS ACTION COMPLAINT - 6

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    3.3    At all times relevant, each of the Defendant USAA companies has conducted

2  substantial business and many of the alleged breaches took place within King County,

3  Washington.

4    3.4    Pursuant to RCW 4.12.025, venue is proper in King County Superior Court.

5              IV.    FACTUAL ALLEGATIONS

6    A.    Plaintiffs' Individual Factual Allegations

7    4.1    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1.1

8  through 3.4 above, as if fully set forth in this paragraph.

9    4.2    Plaintiff was injured in an automobile accident on August 28, 2011. Plaintiff

10 treated for injuries sustained in his automobile accident and submitted his medical bills to

11 USAA for payment under her PIP coverage.

12    4.3    On March 15, 2012 USAA notified Plaintiff by letter that USAA is suspending

13 payment of PIP coverage benefits and refusing to pay retroactively for treatment already

14 provided, pending an IME.

15    As a result of injuries sustained in an automobile accident, Plaintiff has incurred

16 reasonable and necessary medical bills which USAA has refused to pay and because of the

17 suspension of payment Plaintiff is deterred form seeking additional necessary treatment.

18    4.4    The Putative Class incorporates herein by reference each and every allegation

19 contained in paragraphs 1.1 to 4.4 above as if fully set forth here.

20              V.    CLASS ALLEGATIONS

21    5.1    Plaintiff and the Putative class incorporate by reference each and every factual

22 allegation set forth in paragraphs 1.1 to 4.4 herein by this reference as if set forth in its entirety.

23    5.2    Plaintiff brings all claims herein as class claims pursuant to Civil Rule

24 ("CR") 23 and Local Rule ("LR") 23.

25

26

CLASS ACTION COMPLAINT - 7

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    5.3    The class consists of all insured, as defined in the Personal Injury Protection and

2    MED PAY coverage portions of USAA's policies, and all third-party beneficiaries of such

3    coverage, issued in the state of Washington with respect to whom USAA:(a) retroactively

4    disallowed coverage for medical expenses more than thirty (30) days after Farmers received

5    the bill for the insured's care, and (b) suspended and/or withheld payments for necessary

6    treatment pending a future evaluation by USAA 's "independent" medical examiners. Excluded

7    from the class are Farmers' executives, counsel, and their immediate family members. The time

8    period for the class is six years preceding the date of filing of this lawsuit up to the date of

9    settlement or judgment.

10    5.4    Plaintiff and the Class seek a declaratory judgment that USAA's practices were

11    unfair, wrongful and/or deceptive and restitution and/or disgorgement, and/or damages and

12    injunctive relief under the Declaratory Judgment Act, the common law, the Washington

13    Insurance Code and the Washington Consumer Protection Act, RCW 19.86 et seq.

14    5.5    Class certification is proper under CR 23(a) (1) because the members of the

15    class total more than 1,000 who are geographically dispersed over numerous cities and counties

16    in the state of Washington.

17    5.6    Because of the number of Class members and their geographic dispersion,

18    individual joinder of each putative class member is not practicable.

19    5.7    Class certification is proper under CR 23(a)(2) because USAA has undertaken

20    common policies and practices with regard to suspension and retroactive denial of PIP

21    payments. Among these common questions are:

22    a.    Whether USAA's retroactive denial of coverage for medical care, more than 30

23    days after USAA received the bill for the injured person's care, constitute an illegal,

24    unfair, or deceptive practice under Washington's insurance code and/or Consumer Protection

25    Act?

26

CLASS ACTION COMPLAINT - 8

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert D. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1      b.      Whether USAA's retroactive denial of coverage for medical care, more than 30

2  days after USAA received the bill for the injured person's care, breach Farmer's contractual

3  duty of good faith and fair dealing?

4      c.      Whether USAA's practice of suspending payments of insurance benefits before

5  it has completed its investigation constitute a tortious and/or unfair claims- handling process?

6      d.      Whether USAA's retroactive denial of coverage for medical care, more than 30

7  days after USAA received the bill for the injured person's care, an illegal, unfair, or deceptive

8  practice under Washington's insurance code and/or Consumer Protection Act?

9      e.      Whether USAA's retroactive denial of coverage for medical care, more than 30

10  days after USAA received the bill for the injured person's care, breach USAA's quasi-fiduciary

11  duty to the class members?

12      f.      Whether USAA engages in a systematic practice of unfairly depriving its

13  injured insureds of their full PIP medical benefits by denying coverage retroactively and/or by

14  suspending medical payments until after completion of an (IME)?

15      g.      Whether USAA delayed payment of PIP claims in violation of WAC

16  §284.30.330 et seq?

17      h.      Whether USAA was unjustly enriched by any of its unfair, wrongful and/or

18  deceptive practices that violated the WAC, the Insurance Code, or the CPA.

19      5.7.      Class certification is proper under CR 23(a)(3) because Plaintiff' claims are

20  typical of the claims of the members of the putative class and USAA's defenses to the claims

21  of Plaintiff are also typical of the defenses to such claims. The claims and defenses are typical

22  because they arise out of the same common policies and practices which USAA applied to the

23  reimbursement of bills submitted by all Washington insureds' PIP coverage. The claims arise

24  from the same unfair, wrongfully and deceptive scheme undertaken by Defendants to deprive

25  Washington insureds of their full PIP coverage.

26

CLASS ACTION COMPLAINT - 9

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    5.8    Class certification is proper under CR 23(a)(4) because Plaintiff can fairly and

2    adequately represent the interests of the other members of the class. He has no interests that

3    conflict with those of the members of the class. It is in his interest and those of the other

4    members of the class that they be paid fully for their medical expenses. Plaintiff has retained

5    skilled attorneys who have represented claimants and class members with similar claims to

6    those brought in this lawsuit.  Plaintiff' counsel have been appointed class counsel in other

7    cases involving similar claims.

8    5.9    Class certification is proper under CR 23(b)(3) because the questions of law and

9    fact common to the class, as set forth above in paragraph 5.6 predominate over any questions

10   affecting only individual members of the class.  Common questions predominate because

11   USAA undertook a common course of conduct towards all members of the class regarding

12   requests for reimbursement submitted under the insured's PIP coverage.

13   5.10   Class certification is proper under CR 23(b)(3) because a class action is a

14   superior method for adjudicating the claims of the members of the class than hundreds of

15   individual actions in numerous cities and counties of Washington that raise the identical factual

16   and legal issues.

17   5.11   Class certification is a superior method of adjudicating the claims because the

18   individual class members have little interest in individually controlling the prosecution of their

19   claims.

20   5.12   Class certification is a superior method of adjudicating the claims because there

21   is no significant individual litigation already commenced by Washington insureds against

22   USAA raising the identical claims.

23   5.13   Class certification is a superior method of adjudicating the claims because it is

24   desirable to concentrate the litigation and claims in a single forum to avoid duplicity of actions

25   and inconsistent adjudications of identical claims. King County is a desirable forum for

26

CLASS ACTION COMPLAINT - 10

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    litigation of the class claims because it is most likely the place where most class members are

2    located and where the Defendants' in-state witnesses are likely located.  The cost to the court

3    system of individualized litigation would be substantial.

4         5.14    Class certification is a superior method of adjudicating the claims because there

5    are few difficulties likely to be encountered in the adjudication of the class members' legal

6    claims.

## VI.    LEGAL CLAIMS AND CAUSES OF ACTION

### COUNT I:    DECLARATORY JUDGMENT ACT CLAIM

9         6.1     Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

10   5.16 above as through set forth here.

11        6.2     Washington law requires all automobile insurers to provide PIP coverage that

12   will pay all reasonable medical expenses of its insured arising from a covered automobile

13   accident.  RCW 48.22.005(7).

14        6.3     The Washington insurance code declares, inter alia, that "[t]he business of

15   insurance...requir[es] that all persons be actuated by good faith, abstain from deception, and

16   practice honesty and equity in all insurance matters." RCW 48.01.030. It also

17   prohibits15insurance companies from engaging in unfair or deceptive acts or practices in the

18   conduct of their business. RCW 48.30.010. Specific acts that the Insurance Commissioner has

19   defined to be unfair claims-handling practices in violation of the insurance code 30 WAC 284-

20   30-330 include:

21        •Misrepresenting pertinent facts or insurance policy provisions.

22        •Failing to acknowledge and act reasonably promptly upon communications with

23        respect to claims arising under insurance policies.

24        •Failing to adopt and implement reasonable standards for the prompt investigation of

25        claims arising under insurance policies.

26

CLASS ACTION COMPLAINT - 11

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1     •Failing to affirm or deny coverage of claims within a reasonable time after proof of

2     loss statements have been completed.

3       •Failing to promptly provide a reasonable explanation of the basis in the insurance

4     policy in relation to the facts or applicable law for denial of a claim or for the offer of a

5     compromise settlement

6       •Failure to adopt and implement reasonable standards for the processing and payment

7     of claims once the obligation to pay has been established.

8       6.4    Under Washington law, it is unlawful for an automobile insurer to deny a claim

9 under the insurance policy without conducting a reasonable investigation of the claim. WAC

10 §284-30-330.

11       6.5    Under Washington law, "[e]very insurer, upon receiving notification of claim,

12 shall promptly provide necessary claim forms, instructions, and reasonable assistance so that

13 first party claimants can comply with the policy conditions and the insurer's reasonable

14 requirements." WAC 284-30-360.

15       6.6    Under Washington law, "[e]very insurer shall complete investigation of a claim

16 within thirty days after notification of claim, unless such investigation cannot reasonably be

17 completed within such time." WAC 284-30-370.

18       6.7    Under Washington law, [w]ithin fifteen working days after receipt by the

19 insurer of properly executed proofs of loss, the first party claimant shall be advised of the

20 acceptance or denial of the claim by the insurer." WAC 284-30-370.

21       6.8    The foregoing provisions of the insurance code can be enforced through the

22 private right of action created by the state legislature in the Washington Consumer Protection

23 Act: "actions and transactions prohibited or regulated under the laws administered by the

24 insurance commissioner shall be subject to the provisions of RCW 19.86.020 and all sections

25

26

CLASS ACTION COMPLAINT - 12

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  of chapter RCW 19.86 which provide for the implementation and enforcement of RCW

2  19.86.020." RCW 19.86.170.

3      6.9    USAA's practice of unfairly depriving its injured insureds of their full PIP

4  medical benefits by denying coverage retroactively and/or by suspending medical payments

5  until after completion of an "independent" medical exam  should be declared an unfair

6  insurance practice because USAA fails to conduct a reasonable investigation of the claim

7  before denying payment.

8      6.10   The Washington Insurance Code provides that: "No person engaged in the

9  business of insurance shall engage in unfair or deceptive acts or practices in the conduct of

10  such business." RCW 48.30.010(1).

11      6.11   The Washington Insurance Code provides in pertinent part:  "No person shall

12  disseminate any deceptive or misleading representation in the conduct of the business of

13  insurance or relative to the business of insurance." RCW 48.30.040.

14      6.12   USAA's practice of unfairly depriving its injured insureds of their full PIP

15  medical benefits by denying coverage retroactively and/or by suspending medical payments

16  until after completion of an "independent" medical exam  should be declared an unfair

17  insurance practice because it is deceptive and misleading.

18      6.13   Each and every practice identified above should be declared an unfair and/or

19  deceptive practice under the Insurance Code and the Consumer Protection Act.

20      **COUNT II:  VIOLATION OF CONSUMER PROTECTION ACT**

21      6.14   Plaintiffs re-allege each and every allegation as set forth in paragraphs 1.1 to

22  6.13 above as through set forth here.

23      6.15   The Washington Insurance Code prohibits the use of unfair or deceptive

24  practices in the business of insurance.  RCW 48.30.010(1). A violation of the Insurance Code

25

26

CLASS ACTION COMPLAINT - 13

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1  constitutes a per se violation of Washington Consumer Protection Act, RCW 19.86 et. seq.

2  ["CPA"].

3      6.16    Each and every practice identified in paragraphs 6.8 – 6.13 above is an unfair

4  and/or deceptive practice that violates the CPA. Each of the practices is a per se violation of the

5  CPA, because each violates the Insurance Code.

6      A.    **USAA's Unfair and Deceptive Practices in Violation of CPA AND IN BAD**

7  **FAITH**

8      6.17    USAA has engaged in a systematic practice of reviewing medical claims of

9  covered individuals many months after the individual received treatment and submitted the

10 bills, and then retroactively denying coverage on the grounds that USAA, with the benefit of

11 hindsight, believes that the care was not reasonable or necessary. USAA has repeatedly

12 notified injured parties that coverage for continuing care is denied effective prior to the

13 notification.

14     6.18    USAA has engaged in a widespread and systematic practice of suspending

15 benefits until USAA can have its insureds see a biased, but ostensibly "independent,"

16 medical examiner. That examiner, in turn, will routinely write a report resulting in further

17 retroactive denial of benefits.

18     6.19    USAA does not provide timely notification to injured insureds that, in USAA's

19 opinion, their medical treatment is unnecessary and further claims will be denied. Instead, this

20 notification routinely comes months after treatment was received. This practice causes accident

21 victims to continue treating their injuries and incur substantial personal liability, despite their

22 reasonable reliance that such treatments will be covered by the insurance that they dutifully

23 paid for.

24     6.20    USAA's practice also denies insureds and third-party beneficiaries the

25 opportunity to have their treating physicians or other health care providers dispute USAA's

26

CLASS ACTION COMPLAINT - 14

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1   "independent" conclusions on a timely basis (i.e., when treatment is actually being given, as

2   opposed to months later). USAA's retroactive denial of coverage is not actuated by good faith

3   and equity, as required by the insurance code. Furthermore, USAA's practice of suspending

4   benefits before properly investigating the merits of the suspension violates USAA's obligation

5   to adequately and properly investigate an insured's claim..

6        6.21    The abovementioned practices of USAA violate the Washington insurance

7   code and insurance regulations and the Washington State Consumer Protection Act, and

8   constitute a breach of: (a) USAA's statutory and contractual obligations of good faith and

9   fair dealing;  (b) USAA's quasi- contractual duties; and (c) USAA's duty to handle claims in

10  a fair and reasonable manner.

11       6.22    Plaintiff and the class also allege that USAA owed and violated three

12  fiduciary duties: (1) the duty to disclose all facts that would aid its insureds in protecting

13  their interests; (2) the duty of equal consideration; and (3) the duty not to mislead its insureds.

14  USAA's failure to pay medical care already incurred also represents a violation of WAC

15  284.30.395.

16       6.23    Plaintiff and the Class also suffered an injury to their property and/or business

17  caused by USAA's unfair and deceptive practices by having to expend out of pocket expenses

18  in relation to the payment of their medical bills.

19       6.24    USAA routinely and systematically underpaid Plaintiff and the Class and as a

20  direct and proximate result of USAA's unfair and deceptive practices described above, Plaintiff

21  and the Class suffered injuries to their property and/or business and damages in amounts to be

22  proven at the time of trial.

23       6.25    Plaintiff and the Class would have acted differently had USAA not engaged in

24  the unfair and deceptive acts described above and they would have received additional

25  necessary medical care and treatment had their coverage not been denied.

26

CLASS ACTION COMPLAINT - 15

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    6.26    Plaintiff and the Class would have acted differently had USAA disclosed all

2    material facts concerning its duties under the policy and under Washington law.

3    6.27    But for USAA's unfair and deceptive conduct as alleged above, Plaintiff and the

4    Class would not have suffered injury or damage.

5    6.28    USAA is liable to Plaintiff and the Class for statutory, actual and treble

6    damages, prejudgment interest, attorneys' fees and costs and injunctive relief under the CPA.

7    ## COUNT III:   BREACH OF CONTRACT

8    6.29    Plaintiff and the Class incorporate each and every allegations made in

9    paragraphs 1.1- 6.28 above as though fully set forth herein.

10    6.30    USAA, by its acts and omissions described in this complaint, breached and

11    continues to breach its duties of good faith and fair dealing and its "enhanced obligation of

12    fairness towards its insured," which are all implicit in USAA's insurance contracts. *Safeco*

13    *Ins. Co. of Amer. v. Butler*.

14    6.31    USAA's specific breaches include, but are not limited to (a) refusing to pay

15    the amount of medical benefits it is contractually obligated to pay, and (b) failing to meet

16    its duties of good faith and fair dealing by retroactively denying medical coverage months

17    after receiving notice of an insured's treatment and/or suspending coverage pending an

18    examination by one of its "independent" examiners. .

19    6.32    Plaintiff and the proposed class have been damaged by USAA's breaches,

20    while USAA has unreasonably profited from them.

21    6.33    Plaintiff and the proposed class are entitled to declaratory and injunctive relief

22    prohibiting USAA from engaging in the breaches alleged in this complaint.

23    6.34    They are also entitled to damages in an amount to be proven at trial,

24    together with prejudgment interest, expenses, and costs.

25

26

**CLASS ACTION COMPLAINT - 16**

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

1    6.35    Plaintiff and the Class performed all of the terms of the contract, when they

2    submitted their bills for payment to USAA rather than the insured.

3    6.36    USAA breached the contract by not paying the Plaintiff's and Class member's

4    bill in full but instead reducing the payment based on due to code 41, explanation and/or what it

5    assumed was the 90th percentile of provider charges in the provider's geographic area.

6                              **VII.  DAMAGES**

7    7.1    Plaintiff and the Class incorporate each and every allegation made in paragraphs

8    1.1 - 6.67 above as though fully set forth herein.

9    7.2    As a direct and proximate result of USAA's wrongful conduct and breach of

10   contract, described above, the Plaintiff and the Class sustained injury to their property and

11   business and damages in amount that will be established at trial, but which amount is

12   substantially less than $5,000,000.

13   7.3    The injury and damages include but is not limited to loss of money from under-

14   payment of their bills, delayed payment of their bills and breach of contract, nominal and

15   exemplary damages, and out of pocket expenses.

16   7.4    There is no reasonable basis to believe that these damages exceed $5,000,000.

17

18                         **VII.   PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiffs and the Class respectfully pray that this Court enter judgment

20   on each cause of action alleged herein in favor of Plaintiff and the Class and against all

21   Defendants and that it award damages, equitable and injunctive relief enjoining Defendants

22   from the actions alleged herein and that the Court grant such additional relief as follows:

23   7.1    Certification of this action as a Class Action pursuant to CR 23.

24   7.2    Award actual damages to be established at trial;

25   7.3    Award statutory damages;

26   7.4    Award reasonable attorney's fees and costs as provided by law;

CLASS ACTION COMPLAINT - 17

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

6.37   Enter a Declaratory Judgment that Defendants' acts described above, and as established at trial, are unfair and deceptive acts that violate the Washington Insurance Code and Washington Administrative Code, and that Defendants are required to pay all reasonable and necessary medical expenses of the Plaintiff until such time as there is an independent determination that they are not reasonable and necessary or the PIP policy limits have been met..

7.5   Enjoin defendants from continued violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*;

7.6   Finding that USAA's actions constitute violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*

7.7   Award Plaintiff and the Class restitution, disgorgement, declaratory relief, and/or actual damages for USAA's unfair, wrongful and/or deceptive acts and conduct;

7.8   Award plaintiffs and the Class prejudgment interest;

7.9   Award plaintiffs and Class treble, exemplary and/or punitive damages up to the maximum amount permitted by Washington law;

7.10 Award plaintiffs and the Class, expert fees, disbursements and costs of suit;

7.11 Award such other relief as the court deems equitable, appropriate or just.

Dated:  April 11, 2012

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK, PLLC

By:  _Rob Kornfeld_
     Robert B. Kornfeld, WSBA #10669
     3724 Lake Washington Blvd NE
     Kirkland, Washington 98033
     (425) 893-8989 Fax (425) 893-8712
     Rob@kornfeldlaw.com

CLASS ACTION COMPLAINT - 18

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com

HOUCK LAW FIRM, PS

By: _____
William Houck, WSBA #13324
4045 262nd AVE. SE
Issaquah, WA 98029
(425) 392-7118 Fax (425) 337-0916
houcklaw@gmail.com

CLASS ACTION COMPLAINT - 19

KORNFELD, TRUDELL, BOWEN &
LINGENBRINK Robert B. Kornfeld, Inc., P.S.
3724 Lake Washington Blvd NE
Kirkland, Washington 98033
(425) 893-8989 Fax (425) 893-8712
Rob@kornfeldlaw.com



P.O. BOX 40255
OLYMPIA, WA 98504-0255

USAA INSURANCE AGENCY INC.
USAA INSURANCE AGENCY INC.
RICK GREWE
9800 FREDERICKSBURG RD
SAN ANTONIO TX 78288

91 7199 9991 7030 0873 4624

DATAMARK 7
MAY 02 2012